RICHARD RUNDLE and THOMAS MURGATROYD *against* JACOB ETTWEIN.

The innocent assignee of a bond though without notice, stands in the place of the obligee, so as to let in every defence obligor had against the obligee, at the time of the assignment, or notice thereof.

Execution cannot be levied on lands which defendant got by purchase after the judgment, if he aliened them bona fide before execution.

*SCIRE FACIAS* on a judgment obtained on the 26th February 1767, by the present plaintiffs, as assignees of John Scheffer, against one George Weiss, on a bond dated 14th January, 1786, conditioned for the payment of 247*l.* 15*s.* and interest, on the 14th September then next ensuing. A *fieri facias* had issued thereon, returnable to June term 1789, on which was levied a bake house and lot of ground in Sterling alley, in the city of Philadelphia, now in the tenure of the defendant.

By an instrument dated 28th November 1792, it was agreed by the counsel, that the consideration of the bond should be inquired into in the present suit, notwithstanding the judgment had thereon ; and it was admitted, that at the time of the judgment against Weiss, he had no title in the premises levied on afterwards.

It appeared in evidence, that William Henderson, on the 7th June, 1788, conveyed the aforesaid bake house and lot of ground to the aforesaid George Weiss, in consideration of 500*l*, and on the same day also conveyed also another lot to the said John Scheffer in consideration of 150.

On the 19th January 1789, the aforesaid George Weiss reconveyed the bake house &c., to the said Henderson, no part of the former consideration money having been paid ; and on the 30th of the same month, Scheffer also reconveyed the other lot to Henderson in consideration of 16*l.* 10*s.* he pretending a claim for some trouble, &c. Henderson afterwards sold the property to Ettwein, the present defendant.

It further appeared clearly, that the bond was obtained from Weiss by Scheffer without consideration, and that a most wicked combination had been formed to defraud one Charles Norris, (a young man of good property, but subject to intemperance,) of a considerable sum of money, and that this bond formed a part of the system in the iniquitous proceeding.

The court declared that the plaintiffs, though innocent assignees of the bond and without notice, stood in the place of the obligee, so as to let in every defence which the obligor had against the obligee, at the time of the assignment, or notice thereof, (see Dall. 28,) and therefore were not entitled to recover on the merits, either in law or equity. They further declared, that execution could not be sued on the lands which de-

fendant got by purchase after the judgment, if he aliened them before execution *bona fide*. Vide 2 Inst. 678. 2 Hen. 4, 14. F. N. B. 267. 2 Inst. 395. 4 Bl. Com. 419. *Termes de la Ley*. Voc. Execution. Cro. Car. 149. Co. Lit. 102. *a*. 2 Bac. Ab. 364, 365. Fitzherb. Abr. pl. 126.

Verdict for the defendant.

Mr. Rawle, *pro quer*.     Messrs. Lewis and Porter, *pro def*.

### WILLIAM HURST *against* EDWARD LITHGROW.

A grant by C. to E. of all his interest in certain grounds, reserving an annual rent payable to C. his heirs and assigns, with a proviso thereon that if he shall pay to C. a certain gross sum by instalments, that then the rent should cease, and a convenant on the part of E. to pay the said gross sum, is a ground rent deed, and the interest of C. may be taken in execution and sold by the sheriff.

A VERDICT was taken for the plaintiff on the 2d September last, subject to the court's opinion on the following case, for 66 dollars and two thirds of a dollar.

Charles Hurst being seized of sundry lots of ground in the city of Philadelphia, conveyed to the defendant Lithgrow, his heirs and assigns, a certain lot of ground, bounded, &c., reserving the yearly rent of 66 dolls. and 2-3d, payable thereout to Hurst, his heirs and assigns. In the conveyance were inserted clauses of entry and distress, if the rent should be in arrear, and of re-entry on the premises, in case no distress could be found, and also a covenant of quiet enjoyment. Then came the following clause ; provided always, and if the said Edward, " his heirs or assigns, shall pay to the said Charles 1,111 dolls. "and 10-90ths, in four equal annual payments, on the 17th days " of May 1787, 1788, 1789 and 1790, then the aforesaid rent "charge should cease. The deed also contained covenants on the part of the grantee to pay the yearly rent charge, and also the aforesaid 1,111 dolls. and 10-90ths, according to the instalments, and was dated on the 17th May 1784.

On the 2d July 1787, the executors of William Brownjohn obtained judgment and against Charles Hurst, and on the 24th December 1789, James Ash, esq., sheriff of the county of Philadelphia, conveyed to the plaintiff, his heirs and assigns, sundry rent charges, (the rent charge in question being one of them,) subject to the proportional part of a mortgage for 2,250*l*., and interest from the 11th November 1770, payable to Robert Edward Fell. The question submitted was whether the rent reserved was to be considered as a rent charge, and could be taken in execution ?

Messrs. Tilghman and Rawle for the defendant.

This conveyance must be judged of on the mere face of it,