COURT OF APPEALS OF WEST VIRGINIA.    605

Jan'y Term.        Handly *et al. vs.* Sydenstricker, adm'r.        1871.

# Charleston.

B. F. HANDLY, *et al. vs.* JOHN M. SYDENSTRICKER, ADM'R.

### January Term, 1871.

1. In a bill to enforce a judgment lien, it would seem unnecessary to aver that the rents and profits will not pay the debt in five years, under the Code of W. Va., 1868.

2. The lien of a judgment will attach to after acquired lands of the debtor. And such lands acquired or aliened by the debtor subsequent to the rendition of the judgment, is within the terms and reason of the 10th section of chapter 186, Code 1860.

3. Equity requires, where a judgment lien is sought to be enforced, that the lands owned by the debtor at the time of the attempted enforcement, should be applied to the discharge of the judgment before resorting to lands upon which the judgment was also a lien, then in the hands of his alienee.

4. If the lands owned by the debtor are not sufficient to satisfy the judgment lien, then the real estate last owned and aliened is liable, until it is fully satisfied. And in a suit for the purpose of enforcing the lien, unless it should appear with reasonable certainty that the land first liable would be sufficient to discharge it, it would not be error to decree and advertise together the sale of *all* the land upon which the lien existed, and then proceed to sell it in the order in which it was liable until a sufficient sum is realized to pay off the judgment and costs of suit.

John M. Sydenstricker, administrator of John Surbaugh, deceased, filed a bill in the circuit court of Greenbrier county, on the 30th day of September, 1867, to enforce a judgment lien against B. F. Handly and J. Griffin Rader. The bill alleged that Handly confessed a judgment to Surbaugh for 600 dollars, in 1859, and the same was duly docketed. That he was then seized and possessed of 342 acres of land; that in 1862, he traded with Rader his tract of land for a certain

other tract of land, containing 289 acres. The bill asked that the court sell so much of the land, on which the judgment was a lien, when obtained, as would be sufficient to satisfy it.

Rader answered, admitting the trade, but insisting that the lien of the judgment would attach to the land that Handly got in exchange. That Handly had, as respondent understood, exchanged the land obtained from respondent, with one Thomas B. Knight, for another tract of land. That the lien of the judgment would attach by virtue of section 10, chapter 186, Code of Virginia, 1860, to the land then in the possession of Handly.

On the 15th of November, 1867, a decree was rendered, providing for the sale of the lands held by Knight, to satisfy the lien.

In October following, Knight obtained an injunction from a judge of this court, (the judge of the circuit court having refused it), to the execution of the decree. This bill of injunction alleged the exchange between Handly and Rader, and the exchange between Knight and Handly, of the property obtained by the latter from Rader ; also that Handly had traded the " tanyard property," received from Knight, to one E. F. Callison, for a " valuable tract of land lying on Spring creek, in said county, which is now in the possession of the said Handly, and upon which he resides." That without any notice to the complainant, he not having been a party to the suit of Sydenstricker, administrator, against Handly and Rader, the land obtained by him from Handly, was decreed to be sold, contrary to the provisions of the Code of 1860, chapter 186, section 10. That Knight had no knowledge of the suit until after the decree was rendered, and that the land, which Handly was then possessed of, was of sufficient value to satisfy the judgment lien. All of the parties with whom exchanges of land were made, were made parties to the bill of injunction. It asked that the sale be enjoined, and the lands in the possession of Handly be subjected to the lien of the judgment.

In May, 1869, Sydenstricker filed a bill of review, alleging the facts as heretofore given, and insisting that the provision of law, in the Code, created a lien on the land owned and held by the debtor, at the date of the rendition of the judgment, and that the conveyance from Handly to Rader was void, and transferred no title. It also alleged that the rents and profits of the land held by Rader would not pay off the judgment in five years. It asked that the former decree be reversed and annulled, and that the land held by Rader be subjected to the payment of the judgment lien.

Rader demurred and answered the bill of review substantially as before.

The causes were heard together on the 11th of January, 1870, when the court below decreed the sale of the land held by Rader, and dissolved the injunction of Knight.

Rader appealed to this court.

Hon. N. Harrison, Judge of the circuit court of Greenbrier, presided on the hearing of the cause.

*Price* for the appellants.
*H. M. Mathews*, for the appellee.

BERKSHIRE, President.

There would have been no error in the first decree of sale rendered in the cause, upon the state of facts then developed, if it had appeared by the record, that the rents and profits of the lands decreed to be sold would have been sufficient to pay the judgment of Surbaugh in five years. But as the law in respect to the rents and profits has been changed by the Code of West Virginia, since the decree was pronounced, rendering an inquiry as to the rents and profits useless, this error might not now be regarded as material, if there were no other errors appearing on the record.

The case was essentially changed, however, upon the

608 COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term,        Handly et al. vs. Sydenstricker, adm'r.        1871.

filing of the injunction by Knight. It thereby appeared that Handly, the debtor, *then* owned another tract of land, which he had obtained from Callison, in exchange for the tanyard property, which he had previously received from said Knight, in exchange for the land received by him from Rader, which land, last named, is the same that was directed to be sold by the decree aforesaid.

Upon the state of facts disclosed at the time of the last decree for sale, therefore, I am of opinion, it was plainly erroneous.

That the lien of a judgment will attach to the after acquired lands of the debtor, is not an open question. And in my view, such real estate acquired or aliened by the debtor, subsequent to the date of the judgment, is clearly within the terms and reason of the 10th section of chapter 186 of the Code of 1860, p. 771.

But independently of the statutory provision, it appears to me clear, that in a case where a creditor is seeking, in a court of equity, to enforce a judgment lien against his debtor, and the latter is *then* the owner of real estate upon which the lien attaches, the principles of equity would require that the lands of the *debtor*, who ought to pay the debt, should be applied to the discharge of such judgment before resorting to lands, upon which the judgment was also a lien, then in the hands of his alienee.

From this view, it follows that the injunction of Knight should have been perpetuated instead of being dissolved; that the lands then owned by Handly, decreed to be sold first, and if not sufficient to satisfy the judgment, then the real estate last owned and aliened by him until said judgment was fully paid.

As, however, the title and description of the tract of land still owned by Handly, the debtor, and which, as we saw, should be first sold, are vague and indefinite, (the only description being, that it was a "valuable tract of land, lying on Spring creek, in said county, now in the possession of said Handly, and upon which he resides,") I

think the case should be referred to a master, to ascertain and report the title, location and description of the said tract, unless it shall be satisfactorily ascertained in some other mode, prior to the decree for sale.

It was suggested that the creditor, in this instance, would be unreasonably embarrassed and retarded in the collection of his debt, if compelled to resort first to the lands now owned, or such as were acquired subsequent to the judgment by the debtor Handly, instead of at once pursuing the land owned by him at the date thereof, now in the possession of the defendant Rader.

It is not perceived that there is much force in the suggestion, for unless it should appear with reasonable certainty that the land first liable would be sufficient to discharge the judgment, it would not be error to decree and advertise together the sale of *all* the land upon which the lien existed, and then proceed to sell it in the order in which it was liable, until a sufficient sum is realized to pay off said judgment and costs of suit. *McClung* v. *Bierne*, 4 Leigh, 394.

I think the demurrer to the bill of review or supplement was improperly overruled. The bill disclosed on its face no error in the decree sought to be reviewed, and consequently there was nothing for it to operate on; even conceding that there was such a "definitive sentence" or final decree in the cause, at the time it was filed, as would make it proper to allow such a bill to be filed; as to which point, however, I express no opinion.

I am of opinion, therefore, to reverse the decrees, with costs here, and remand the cause to the circuit court for further proceedings.

The remaining members of the court concurred.

DECREES REVERSED.