## ELISHA S. BABCOCK v. JOHN JONES.

LIEN OF JUDGMENT; *After-Acquired Property.* A judgment in this state is a lien on the lands of the defendant in the county in which the judgment is rendered, acquired subsequently to the judgment and before it has become dormant.

### *Error from Cowley District Court.*

ON the 14th of February 1872, and for six months next preceding, and until the 20th of April next following, one B. K. Davidson claimed eighty acres of land situate in Cowley county, and being a portion of the Osage Reserve Lands, having possession thereof as a preëmptor under § 12 of the act of congress of July 15th 1870. On said 14th of February an abstract of a judgment from the docket of a justice of the peace, in favor of one Richard Cook, and against said Davidson, was filed in the office of the clerk of Cowley district court, and said judgment was duly entered and docketed in said district court. On said April 20th 1872, Davidson sold and conveyed said land, by warranty deed, to *Elisha S. Babcock*, for $500, cash in hand. Six days later, Davidson paid the entry-money therefor, and acquired title to said land from the United States. On the 3d of April 1873, Cook sued out an execution on his said judgment, directed to the sheriff of Cowley county, pursuant to which said sheriff levied upon

and duly advertised and sold said land, *John Jones* becoming the purchaser thereof at such sale. Said sale was confirmed, and a sheriff's deed made to *Jones*, who thereupon brought ejectment against *Babcock*, to recover possession of the land. The question was, whether the after-acquired title of Davidson was bound by the lien of the Cook judgment, or whether it inured to the benefit of his grantee, *Babcock*, freed from any lien of said prior judgment.* This question, upon an agreed case, was submitted to the district court, at the September Term 1874. The district court held that the judgment-lien attached to the land on the instant the title thereto was acquired by Davidson, and that the rights acquired under said judgment were paramount to rights acquired under a deed executed by the judgment-debtor subsequently to the entering and docketing of the judgment, and gave judgment in favor of *Jones*. *Babcock* appeals, and brings the case here on error.

*Alexander & Saffold*, for plaintiff in error:

The only question at issue here, is the one of judgment-liens on *after-acquired lands* in this state. This question is well settled in the negative, in Pennsylvania, under laws relating to liens on real property very similar to our own: 2 Yeates, 23; 6 Binney, 135; 6 Barr, 277; 9 Barr, 265; 35 Penn. St. 523; 8 Serg. & R. 425. The same question has been decided the same way in Iowa and Ohio: 1 G. Greene, 131; 1 G. Greene, 276; 1 Ohio, 281, 313; 4 Ohio, 92. If our code relating to judgment-liens is the same as the Ohio code, which we have generally adopted, the decisions of the supreme court of the latter state upon questions arising out of the code, will be considered good authority in Kansas.

[* The "homestead"-exemption question was not raised, nor even suggested in this case. Whether Davidson was "married," or had a "family," nowhere appears in the record. Nor is the question, whether, at the time of his conveyance to *Babcock*, he did or did not *reside* upon the land, anywhere suggested in the record. One of the agreed facts says that he "had *possession*" of said land "as a preëmptor" for upward of six months previous to said 14th of February 1872—(the day Cook's judgment was docketed, and two months before the deed to *Babcock*)—and that he "had improvements hereon, and that said Davidson had no other land in said county, at any time after the rendition of said judgment."—Reporter.]

20—15 KAS.

We find, by comparing §§ 419 and 444 of Kansas code of 1868, with § 421 of ch. 87 of Revised Statutes of Ohio, (Derby's edition) 1854, that they are the same in meaning, though differently worded. In Indiana, where a different doctrine prevails, (1 Ind. 259,) the statute creates "a lien upon real estate, and chattels real, *liable to execution* in the county where the judgment is rendered." Of course, all real estate of the judgment debtor is *liable to execution*, whether acquired *after* or *before* judgment. So in Illinois. The decision in 38 Ill. 193, was made under § 1 of ch. 47, Revised Statutes of 1845, which provides: "All and singular the goods and chattels, lands, tenements and real estate of every person against whom any judgment has been, or hereafter shall be obtained," etc., "shall be liable to be sold upon execution." The language of the statute, "*has been* obtained," would seem to be intended to cover lands purchased at any time. In New York it was held, (15 Johns. 464,) that judgments did not bind after-purchased lands, where *seisin* was instantaneous. In the present case, *seisin* was instantaneous, having been conveyed to plaintiff even before title acquired by the vendor.

Defendant's counsel seemed to rest their chief argument upon § 4 of ch. 68, Gen. Stat., relating to mortgages, as if that section was intended to extend judgment-liens over after-acquired property. We fail to see any applicability of that section to the case at issue. In many states, unpaid "purchase-money" consideration, is made a lien of itself upon the land purchased. And real estate is often purchased by articles of agreement on time, and afterward the vendor conveys and takes a mortgage to secure unpaid purchase-money. In such a case, if a judgment had become a lien upon the vendee's equitable title held under the articles of agreement, a mortgage to secure unpaid purchase-money, taken upon the land afterward by the vendor, in the absence of the section referred to, would become subject to the existing judgment-lien. This section, relied upon so strenuously by the defendant, was enacted in order to give a *purchase-money consideration* prefer-

ence over demands of a different nature. The defendant's argument seems based upon the supposition, that a mortgage to secure purchase-money is never given at any other time than at the time of the *purchase*, confounding, always, a simple purchase with the actual conveyance.

We believe, in all cases where lands become subject to the lien of a judgment, under statutes creating such lien at the date of the judgment entry, or of the first day of a court term at which the judgment is entered, the correct doctrine to be, that only the real estate held by the defendant at the time of such judgment entry, or first day of the court term, was intended by the legislature to be affected by the judgment-lien. See 25 Miss. 484. Why should the lien extend further, in the absence of express provision to that end? No one can be defrauded by it. The credit was not given upon speculation as to what the defendant *might* possess at some future time. Nor is it possible, in our view, that a judgment, in the absence of express statutory provision to that effect, can bind *after-acquired* lands of a defendant, without some additional action by the parties, as the levying upon it with execution issued under the judgment, as provided in § 444 of the code.

*Hackney & McDonald,* for defendant in error:

The only question in this case is, whether under our laws the lien of judgment attaches to the after-acquired real estate of the judgment-debtor, *eo instanti acquisitis.* The district court held in this case, that it does; and we submit, that there was no error in the finding and judgment of the trial court. The lien of judgment is a remedial provision of statutory law, which in the absence of express statutory provisions relative thereto, is wholly dependent upon the rules of the common law, and judicial interpretation, for the determination of the scope and sphere of its application. The lien of judgment was created by statute for the purpose of giving to the judgment-creditor a new remedy in aid of the writ of execution, which by its celerity of action renders it

impracticable for the judgment-debtor to nullify the judgment by rapid, continuous, or fraudulent transfers of his real property; and being so entirely remedial in its nature, the statute should receive the most liberal construction. (Smith's Com. 628, § 480; Broom's Legal Max. 365.) In the following well-considered cases, it has been held, that the judgment-lien attaches to the after-acquired real estate of the judgment-debtor, by virtue of its own inherent force, derived from the evident purpose of its creation, and without intervention by levy of execution: *Ridge v. Prather*, 1 Blackf. 401; *Michaels v. Boyd*, 1 Ind. 259; *Wales v. Bogne*, 31 Ill. 464; *Steele v. Taylor*, 1 Minn. 274; *Banning v. Edes*, 6 Minn. 402; *Handley v. Sydenstricker, Adm'r*, 4 West Va. 605; *Trustees R. E. Bank v. Watson*, 13 Ark. 74. And this principle has been expressly recognized by the statutes of this state. Our statute relative to judgment-liens, Gen. Stat. 1868, p. 708, code, § 419, was approved February 28th, and three days after, on the 2d of March, the "act concerning mortgages," (Gen. Stat. p. 582,) was approved. The 4th section of which is as follows: "A mortgage given by a purchaser to secure the payment of purchase-money, shall have preference over a prior judgment against such purchaser." Now, if the legislature did not by this provision, recognize the rule, that the judgment-lien *does* attach to the after-acquired real estate of the judgment-debtor, then we have presented the absurdity of providing a remedy against an evil which did not and could not have an existence.

The opinion of the court was delivered by

BREWER, J.: The only question in this case is, as stated by counsel in their briefs, and as appears from the record, whether a judgment in this state is a lien on after-acquired lands of the judgment-debtor in the county, or binds only those belonging to him at the time the judgment takes effect, that is, either the first day of the term, or the day at which it is entered. The language of the statute is:

"Judgments * * * shall be liens on the real estate of·

the debtor within the county in which the judgment is rendered from the first day of the term at which the judgment is rendered; but judgments by confession, and judgments rendered at the same term during which the action was commenced, shall bind such lands only from the day on which such judgment was rendered." Civil Code, § 419.

This question has been before the courts of many states, and decided both ways. In Pennsylvania, Ohio, Iowa, and Mississippi, it has been decided that a judgment-lien does not bind after-acquired lands. *Rundel v. Ettwein*, 2 Yeates, 23; *Calhoun v. Snider*, 6 Binney, 135; *Packer's Appeal*, 6 Barr, 277; *Morehead v. McKinney*, 9 Barr, 265; *Richter v. Selim*, 8 Serg. & R. 425; *Waters' Appeal*, 35 Penn. St., 523; *Roads v. Symmes*, 1 Ohio, 281; *Stiles, ex dem., v. Murphy*, 4 Ohio, 92; *Harrington v. Sharp, Adm'r*, 1 G. Greene, 131; *Woods v. Mains*, 1 G. Greene, 276; *Moody v. Harper*, 25 Miss. 484. In the case of *Calhoun v. Snider*, supra, in which is the fullest and most exhaustive discussion of the question, Ch. Justice TILGHMAN, while assenting to the judgment upon the strength of a prior adjudication, expressed a strong dissent to the soundness of the doctrine, a dissent repeated by the court in the case of *Richter v. Selim*. On the other hand, the courts of New York, Virginia, West Virginia, Tennessee, Indiana, Illinois, Minnesota, and Arkansas, hold that the judgment does bind after-acquired lands. *Stow v. Tifft*, 15 Johns. 464; *Jackson v. Bank U. S.*, 5 Cranch Ct. Ct. 1; *Handley v. Sydenstricker, Adm'r*, 4 West Va. 605; *Greenway v. Cannon*, 3 Hemp. 177; *Chapron v. Cassady*, 3 Hemp. 663; *Davis v. Burton*, 2 Sneed, 665; *Relfe v. McComb*, 2 Head, 558; *Ridge v. Prather*, 1 Blackford, 401; *Michaels v. Boyd*, 1 Ind. 259; *Wales v. Bogne*, 31 Ill. 464; *Root v. Curtis*, 38 Ill. 192; *Steele v. Taylor*, 1 Minn. 274; *Banning v. Edes*, 6 Minn. 402; *Trustees R. E. Bank v. Watson*, 13 Ark. 74. See also, Freeman on Judgments, § 367. A decision either way, therefore, would be well supported by authority. Counsel for plaintiff in error contend that our statute resembles the Ohio statute, and that therefore, adopting it, we adopt the construction

given there. Our statute is not a copy of the Ohio statute; and while it resembles it very closely, yet little if any more so than it does the statute of some of the other states, as for instance, Tennessee. See 2 Sneed, *supra*. Nor do we understand the Ohio court, in the case in 1 Ohio, in which the question was first decided, as resting their decision upon the peculiar language of their statute. It should perhaps be stated, that the statute now in force in Ohio, and from which it is claimed ours was taken, is not exactly like the one in force at the time of the decisions quoted. (Chase's Stat. 129.) That is even more unlike ours than the present. The language of the statute is not very clear or decisive upon the question. It would not be doing violence to its terms to construe it either way. We are inclined to favor the views of the last-named courts, and hold that the lien does bind after-acquired lands. A single fact favoring this view may be stated. The 4th section of the mortgage act, passed by the same legislature, but a few days after the code, provides, that "a mortgage given by a purchaser to secure the payment of purchase-money shall have preference over a prior judgment against such purchaser." This tends to sustain the view that, but for this section, the prior judgment would be a lien, and a lien preferred to the mortgage.

The judgment will be affirmed.

KINGMAN, C. J., concurring.