· LILLIE MORRIS v. S. E. BROWN, *as Sheriff*, AND
CHAS. BAKER.

No. 186.

JUDGMENT LIEN — *attaches to homestead upon its abandonment.*
A judgment is a lien upon real estate formerly occupied as a home-
stead from and after such real estate is abandoned as such home-
stead.

Error from Brown District Court. Hon. J. F.
Thompson, Judge. Opinion filed April 30, 1897.
*Affirmed.*

The plaintiff in error brought this action to enjoin
the defendant in error Brown, as Sheriff of Brown
County, from selling a certain quarter of an acre of
land in that county under an execution issued at the
instance of the defendant in error, Baker, upon a judg-
ment obtained in the District Court of Brown County
by one Susan B. Hill against Elizabeth and John Mor-
ris and assigned to him. The case was tried by the
court, and findings were made from which it appeared
that the judgment was rendered in 1885; that Eliza-
beth and John Morris, the judgment defendants, were
husband and wife; that, in 1888, Elizabeth Morris
bought the land in controversy, and, with her hus-
band and children, immediately occupied it as a home-
stead; but, in 1890, her husband having deceased, she
and her children abandoned it and went elsewhere to
live; that, May 2, 1892, she deeded the land to her
daughter, the plaintiff in error, and that, July 18,
1892, the execution was issued under which the Sheriff
was proceeding to sell when this action was begun.
The court rendered judgment against the plaintiff in
error for costs, and, her motion for a new trial having
been overruled, she brought this proceeding in error.

*S. L. Ryan*, and *R. F. Buckles*, for plaintiff in error.
*Jas. Falloon*, for defendants in error.

McElroy, J.   We are of the opinion that the Hill judgment was a lien upon the real estate in question from the time such real estate was abandoned as a homestead by the debtor.   The judgment lien, therefore, was and is, superior to the title of the plaintiff, Lillie Morris.   *Babcock v. Jones*, 15 Kan. 296.

It follows, that the trial court committed no error in its conclusions of law, and that it properly overruled the motion for a new trial; and its judgment will be affirmed.