# Chapman Decorative Co. *v.* Francis Ralston Welsh, Appellant.

*Contracts—Decorating—Interior decorating—Terms—Issue of fact.*

In an action of assumpsit for services rendered under an oral contract for house decorating, the findings of fact by the master, confirmed by the court, will be sustained where there is sufficient evidence to support them.

*Trials—Pleadings—Variance.*

The doctrine of variance requires the plaintiff to make out a case by proofs in substantial correspondence with the averments of the statement of claim.   The discrepancy must exist between the allegations and proofs of the particular party.   The fact that contradictory evidence is introduced by the opposite party does not create a variance.   The plaintiff may not introduce evidence incon-

sistent with his declaration, but evidence in denial of the facts averred and proved by the plaintiff does not put the latter out of court.

Where parties have been heard fully and at great length an amendment to the pleadings, tending to promote the disposal of the case on its merits is in the interest of the orderly administration of justice, and may be allowed after the evidence is introduced.

Argued October 28, 1926. Appeal No. 258, October T., 1926, by defendant from judgment of C. P. No. 1, Philadelphia County, September T., 1919, No. 2378, in the case of Chapman Decorative Company v. Francis Ralston Welsh. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit on oral contract for house decoration. Before McDEVITT and TAULANE, JJ.

The facts are stated in the opinion of the Superior Court.

The case was referred to Robert Mair, Esq., as Referee, who entered judgment in favor of plaintiff in the sum of $2351.70.

On exceptions to the Referee's report the court dismissed the exceptions and sustained the judgment. Defendant appealed.

*Errors assigned* were in overruling exceptions to the report of the Referee and the judgment of the court.

*W. N. Trinkle,* of *Bell, Trinkle, Trustcott & Bell,* for appellant.

*John Weaver* for appellee.

OPINION BY HENDERSON, J., March 3, 1927:

The plaintiff's action was brought to recover the amount of a claim for services rendered in painting and otherwise decorating certain rooms in the residence of the defendant. The statement of claim sets

forth an agreement under which the plaintiff painted and decorated the rooms referred to, the charge for which amounted to $2732.50. The defendant, while admitting the agreement to decorate, alleged the price for the work to be done was fixed at $1800. A further defense was that the work was defectively performed; that the painting of the rooms was never completed in accordance with the contract; and that the work was not completed within the time stipulated in the agreement. A counterclaim for $4600 was set up for the deprivation of the use of his home by the defendant during the unauthorized occupancy of the premises by the plaintiff's workmen.

The negotiation between the parties which resulted in the work for which the claim is made was wholly verbal. The points of contention with respect to the terms of the contract related to the price for the work and the time when it was to be completed. These and the character of the performance of the work constituted the issues of fact on which the case went to trial. After a jury had been sworn and some evidence had been presented, it was agreed by counsel that the jury be withdrawn and that the case be heard by a referee under the provisions of the Act of May 14, 1874, and its supplements. The plaintiff's explanation of the contract was that two of its agents went to the house where the work was to be done and there met the defendant who directed their attention to two bedrooms on the second floor which were to be painted. While examining them the defendant asked the price at which the work could be done. After some consideration he was informed that the price would be approximately $225 for each room. The rooms in the lower floor were afterwards examined, but, as contended by the plaintiff, no price was fixed for the work to be done there. Two other rooms in the second floor were added to those first considered, but nothing further was said about the

cost, according to the plaintiff's evidence. The defendant alleged that when examining the work on the second floor, the agent agreed that the average price for the whole job should be $225 per room. He further alleged that he impressed on the attention of the plaintiff's representative that he desired to have the work promptly completed, and that it was agreed this should be accomplished by the 14th of June. The arrangement for the undertaking of the work was made on the 17th day of May. A large part of the evidence was devoted to the inquiry whether the work was skillfully done. Numerous witnesses were called in support of the respective contentions. The evidence shows that the decorating was of a somewhat artistic quality and that the colors were selected by the defendant who gave direction in some degree to the style adopted and the manner of treatment. The principal objection to the character of the work was that in some of the rooms there were spots and streaks on the walls. Some of the witnesses who testified as experts saw the property some years after the work was completed. The testimony discloses in detail the manner in which the work was done, the kind of material used, and the condition of the walls to which the paint was applied. The referee, after painstaking consideration of all of the evidence, reached the conclusion that a price of $225 per room was agreed on by the plaintiff's agent and the defendant before the work was undertaken; and with respect to the quality of the work he held that it was in substantial compliance with the contract. Many exceptions were taken to the report. The first proposition for consideration is the contention of the defendant that there was such a variance between the pleadings and the proofs as prevents a recovery. This variance is said to exist in the fact that the plaintiff asserted a contract without a definite agreement as to price; whereas the referee found the contract was for

$225 per room. The doctrine of variance requires a plaintiff to make out a case by proofs in substantial correspondence with the averments of the statement of claim. The discrepancy must exist between the allegations and proofs of the particular party. The fact that contradictory evidence is introduced by the opposite party does not create a variance. The plaintiff may not introduce evidence inconsistent with his declaration, but evidence in denial of the facts averred and proved by the plaintiff does not put the latter out of court. The contract here was verbal. Its terms were for determination by a jury if the case had proceeded to a conclusion, and as it was finally tried, were to be ascertained by the referee. His conclusion that the estimate of $225 per room became the price agreed upon was arrived at from what he considered to be the weight of the evidence, but the plaintiff is not prohibited from recovering that amount because it claimed more: Chymer-Jones L. Co. v. U. S. Fashion Co., 48 Superior Ct. 636. The cases cited by the appellant on this question do not support his position. In Wilkinson Mfg. Co. v. Welde, 196 Pa. 508, the plaintiff declared on a written contract. The affidavit denied the execution of the contract as set forth in the statement. At the trial there was offered in evidence as the basis of the plaintiff's claim a written agreement different in terms from that declared upon. There were material variances between the writing pleaded and that by which the plaintiff sought to maintain the action. The doctrine of the case is that allegations and proofs must correspond unless there is an amendment of the pleadings. When the plaintiff closed its testimony in the case referred to, the defendants were justified in asking the court to say that as they had been sued upon a contract which had not been made by them, there could be no recovery. In National Bank v. Lake Erie A. B. Co., 233 Pa. 422, the

plaintiff declared on a written agreement, dated, February 10, 1903, by the terms of which the defendant endorsed on the back of a note given to the plaintiff by one Burchinal for money borrowed a contract of guaranty of prompt payment. The proofs offered in support of the action related to a succession of transactions through a period of years from which it appeared the material fact, recited in the declaration that the plaintiff made a loan of $5,000 on February 10, 1903, to Burchinal, was not correct, but a link only in a chain of occurrences, the aggregate of which it was contended showed a liability on the obligation sued on. As the endorsed transactions were necessarily a part of related facts, the presentation of all of which were necessary to support the action, the court very properly held that without an amendment of the declaration the evidence was not admissible. The present controversy on this part of the case was whether the plaintiff should have a judgment for what was claimed to be the value of its services, or whether the price should be as claimed by the defendant? It is clear that in the absence of contradiction, the evidence would have supported the plaintiff's claim. The case seems to have been fully tried on its merits and our opinion is that the doctrine of variance has no application.

If however it be conceded that as the pleadings stood at the commencement of the trial there was such a variance in the evidence as to the price to be paid the plaintiff as would prevent a recovery, an amendment of the statement was filed which removed the objection. Every point in issue seems to have been contended for and controverted with great energy and persistence and apparently nothing was omitted which would have contributed to the support of the defense. When the parties have been heard fully and at great length an amendment tending to promote the disposal

of the case on its merits is in the interest of the orderly administration of justice and may be allowed after the evidence is introduced.

The principal controversy related to the quality of the work. A volume of testimony discloses the views of men who performed the work, of experts who examined it subsequently, and of the defendant who was living in the house and observed its development. The building was not a new one. The defendant had recently become the owner. It had not been occupied during the preceding winter and spring. The evidence of some of the witnesses showed the walls were damp, or that the conditions existing sometime after the work was completed were due to dampness of the wall, or of the atmosphere. The evidence is sharply conflicting as to the quality of the work. It is to be noticed however that the testimony of some of the witnesses related to conditions existing some years after the decorating had been completed. There is evidence supporting the finding of the referee. Sitting with the responsibility of a jury, it was his duty to find the facts under all of the evidence, and this he has done with commendable care. Criticism is made of his finding that the work was ''substantially'' performed. His discussion of the evidence shows that the meaning intended to be conveyed was that there was a reasonable and sufficient performance of the contract by the plaintiff. His reference to John W. Ward, as ''defendant's'' expert, was evidently not intended. The record shows that the witness was called for the plaintiff; that he was examined by plaintiff's counsel, and testified in support of the plaintiff's claim. We think it clear that the referee was not influenced by the thought that the witness was called by the defendant. That he had had much experience in the line of house decoration seems not to be questioned, and his participation in many important undertakings affirm-

atively appears. There was other direct evidence however along the same line, and while it is difficult to take an exact measure of the capacity of each of the numerous witnesses, and to accurately weigh the evidence of each, the referee has reached a conclusion more satisfactory than that of an appellate court before which none of the witnesses appeared. We are not convinced that there was error on the part of the referee with respect to his conclusion on the contention that the work was to be completed on June 14, 1919. There was evidence to show that it was not commenced until the latter part of May for the reason in part that there was delay in adoption of colors and style of treatment by the defendant. He was on the premises nearly every day and in response to complaints some of the work was removed and replaced. Conceding however that there was some delay, there is no evidence of pecuniary loss accruing to the defendant as a result of such delay. The counter-claim was therefore properly disregarded.

We deem a discussion of each of the assignments unnecessary. A review of the case as above indicated leads to the conclusion that the record does not disclose such error as requires a reversal of the judgment.

The judgment is affirmed.