From William S. Rial, Greensburg, Pa.

## Trestrail v. Mendel.

*William J. MacCarter*, for plaintiff; *Geary & Rankin*, for defendant.

MACDADE, J., Jan. 11, 1929.—This is a petition of the defendant, S. W. Mendel, to be released on common bail in an action of trespass wherein a *capias ad respondendum* issued based on an affidavit to hold to bail for trespass, duly filed on Oct. 2, 1928, and the said writ issued *eo die*, which said writ and a copy of which statement of claim were served upon the defendant on Oct. 4, 1928.

That bail was fixed specially in this matter, as by reference to the said affidavit to hold to bail for trespass will more fully disclose, in the sum of $1000, and the defendant complied with the order of the court and bail was furnished and the defendant released.

It is claimed in the petition on which testimony was taken before the court that the defendant should be admitted to common bail for the following reasons:

1. That the affidavit to hold to bail and the statement of claim vary in the following paragraphs: Paragraphs 3 and 17.

2. The affidavit to hold to bail and statement of claim do not set forth a *prima facie* case of negligence.

3. That the minor child injured was not severely injured, as set forth in said affidavit of defense to hold to bail and the said statement of claim.

We shall epitomize the above reasons by stating that our inquiry shall be directed to the testimony to ascertain as a fact whether there was (1) a violent personal injury, and (2) damage in a specific amount averred.

We are not troubled, ourselves, about any variance in paragraphs 3 and 17 of the affidavit to hold to bail and the statement of claim, because the latter is amendable, and, even if amended, does not change the cause of action.

It would be a grave misconstruction, both of the Practice Act and of the purpose of an affidavit to hold to bail, to require that such *ex parte* affidavit be drawn under the rigid rules of the Practice Act, in that such pleadings should fall merely for an immaterial variance and for a statement of cause of action which defendants contend is too general under the said act. We shall consider only, therefore, the sufficiency of the affidavit to hold to bail, which affidavit is not, in itself, amendable, for the right of the plaintiff to proceed in the present case depends solely and absolutely upon the sufficiency of the said affidavit. If it is defective, then the defendant must be released on common bail.

The variances referred to are entirely immaterial, and amendable even at the time of trial with respect to the statement of claim.

In Levin v. Clad & Sons, Inc., 244 Pa. 194, it was held: "In an action of trespass to recover damages for personal injuries, an amendment to the statement of claim, averring the date of the accident to be April 26, 1907, instead of April 22, 1907, does not set up a new cause of action and may be made after the statute of limitations has run, and the plaintiff in such case is not required to file a new declaration and rule the defendant to file a new plea:" McKane v. City of Philadelphia, 78 Pa. Superior Ct. 168; Chapman v. Welsh, 90 Pa. Superior Ct. 225.

Only such facts "as the pleader depends upon to show liability" need be averred: Frey v. Dougherty, 286 Pa. 45; Lincoln v. Martin, 5 Pa. C. C. Reps. 533; Com. v. Esterly, 10 Pa. C. C. Reps. 1; Conrad v. P. R. T. Co., 15 Del. Co. Repr. 103.

"An amendment changing the time or place of an act of negligence or supplying the date is not a change of the cause of action:" Scott v. Baldwin Locomotive Works, 26 Dist. R. 770.

"A statement of claim in trespass which by a clerical error avers incorrectly the date when the negligence occurred, so that the cause of action appears to be barred by the statute of limitations, may be amended by averring the correct date:" Rock v. Cauffiel, 271 Pa. 560.

Now, adverting to the affidavit to hold to bail, the defendant claims that it does not present a *prima facie* case of negligence, nor does it disclose a case justifying the issuance of a *capias* and that there is no violent personal injury.

The Act of June 13, 1836, P. L. 572, as limited by the Act of July 12, 1842, P. L. 339, is the present statutory basis of the *capias ad respondendum* in tort. Since the express repeal of sections 4 and 5 of the Act of 1836 by the Act of 1838, no affidavit of plaintiff's cause of action is necessary to the issuance of the writ: 1 Troubat and Haly Pr., 305.

However, Rule 1, "Bail," of the Delaware County Rules of Court (page 20) provides: "Bail shall not be required in actions of trespass *vi et armis*, in

actions of libel, slanderous words, malicious prosecution, conspiracy or false imprisonment, unless an affidavit of the cause of action be made and filed before the issuance of the writ, nor shall such bail be in a sum exceeding five hundred dollars, unless specially allowed by the court or a judge in vacation."

The affidavit is to inform the court as to whether or not plaintiff's action is proper upon the facts and is brought in good faith. *It is not a pleading in the case*, nor is it susceptible of answer: Comely v. Knight, 1 Bro. 286; Berger v. Smull, 39 Pa. 302.

The only mode of showing cause of action is by the affidavit to hold to bail: 1 Troubat and Haly Pr., 324.

Reference has been made to the case of McLaughlin v. Parry, No. 2000, June Term, 1928, Delaware County; but this case is not controlling in the case at bar, for in that case the defendant was discharged because averments of negligence in the affidavit to hold to bail were mere conclusions and not statements of facts. The fact was, that the plaintiff there, in his statement of claim as filed, had abandoned the only properly alleged cause of action set out in his affidavit, namely, for assault and battery.

Something was said that, inasmuch as the defendant had entered bail, he was barred from raising the question herein—that he should be released on common bail. We consider this immaterial and that his right to move as he has done in this case is not affected because he has entered bail in compliance with the command of the *capias*, for the entry of bail by a defendant arrested upon a *capias ad respondendum* does not waive his right to a rule to be discharged on common bail, or to object to the action, or to the liability to arrest, or to the right to hold to bail, or the amount thereof: Orzel v. Cominsky, 14 Del. Co. Reps. 173.

The entry of bail by the defendant does not waive the right to resort to this rule: Desuian v. Zefcak, 22 Pa. C. C. Reps. 77; Morrison v. Gardener, 39 Legal Intell. 22. It was done in Becker v. Goldschild, 9 Pa. Superior Ct. 50.

Under the old practice, prior to the passage of the Act of June 13, 1836, P. L. 572, a defendant arrested on a *capias* either gave bail to the sheriff for his appearance or gave bail to the action: 1 Troubat & Haly's Pr., Part I, p. 312.

Logically, when the defendant had the right either to give bond for his appearance or bail to the action, the giving of bail to the action would be a waiver of objections to the action. But this is changed by the Act of 1836, which prescribes the only bail to be given is bail to the action. Hence, bail to the action being given under compulsion, to avoid imprisonment, is not to be taken as a waiver of the right to object to the action, or to the liability to arrest, or to the right to hold to bail, or the amount thereof.

It is a general rule of law that in actions of trespass bail is not demandable. An affidavit charging negligence in not guarding a cellarway in a sidewalk, and averring injuries, consisting of wounds to the person, cost of treatment, loss of employment, impairment of the nervous system and pain and suffering, is not sufficient to hold to bail: Turner v. Sugarman 14 Del. Co. Reps. 175.

The general rule is that in actions of trespass bail is not demandable, because there is no standard by which the damages can be measured. The exceptions to this rule are where the defendant is about to depart out of the jurisdiction of the court, *or where there has been a violent battery, in which the plaintiff may sometimes swear to damages to a certain amount*, and it may be evident, from a view of the wounds, that considerable damage must have been sustained, or where the injury complained of is gross or enormous: Duffield v. Smith, 6 Binney, 302; Carroll v. Simons, 11 Dist. R. 47, 27 Pa. C. C. Reps. 29.

We think this action is not within the general rule, and that defendant's rule that he be discharged on common bail must be discharged, for the affidavit in this case shows a violent personal injury, and avers damage in the specific amount of $15,000, namely, that the said plaintiff, Albert C. Trestrail, claims of the said defendant, S. W. Mendel, damages in the sum of $5000, and the said plaintiff, Anna Trestrail, by her father and next friend, Albert C. Trestrail, claims of the said defendant, S. W. Mendel, damages in the sum of $10,000. It sufficiently shows a cause of action entitling the plaintiffs to demand bail.

It is hornbook law that, on a motion to discharge on common bail, the merits of the case will not be considered. The sole issue is, "Does plaintiff set up such a *prima facie* case as entitled him to hold defendant to bail?" Waters v. Collot et al., 2 Yeates, 23.

While some decisions of the King's Bench, which were followed by the earlier Pennsylvania decisions, refused to hear testimony from either side on a rule to discharge on common bail, and refused to allow supplementary affidavits to be filed by either side (see Eldridge v. Robinson, 4 S. & R. 548; Comely v. Knight, 1 Bro. 286) ; yet, in the instant case, we permitted testimony to be taken in order to determine as to whether there was any violent personal injury inflicted, supplementing the affidavit to hold to bail, and by reference to the said testimony as well as the affidavit to hold to bail we learn that the defendant's car struck and dragged the minor plaintiff fifty feet; neglected to observe the plaintiff's position in the road; failure to avoid the plaintiff when this could have been done; speed of at least thirty-five miles per hour when approaching a school during the hours when the pupils were in attendance, and along a State highway; failure to retard speed when defendant saw the minor plaintiff; turning from the cement cartway to the stone ballast of the roadbed of a railway company where defendant saw the minor plaintiff standing.

These averments compare favorably with the averments in Adams v. Rogasner, C. P. No. 2, Philadelphia County, No. 4520, December Term, 1916, where the Court of Common Pleas refused to discharge the defendant on common bail, where the affidavit averred a collision caused by "the reckless, illegal and careless manner in which defendants drove an automobile, causing serious and permanent injury to his (plaintiff's) head, face, chest, arms and body," which injury plaintiff believed to be permanent; and further averring that plaintiff remained unable to follow his usual occupation, had expended moneys and suffered a decrease in his earning power, and claiming $10,000 damages.

Where there is a violent battery, specific injuries need not be alleged: Moll v. Witmer, 11 W. N. C. 498, wherein it was held that where the plaintiff alleged only that the defendant had struck him in the face with his fist, and averred no damages, the defendant should not be discharged on common bail. See Baron v. Weber, 28 Dist. R. 83.

The plaintiff herein gives definite figures of damages, as, for instance, the amount of $87 for wearing apparel destroyed, $115 for doctor and other bills to date, damages for pain and suffering in the amount of $10,000. These allegations are far more specific than the allegations in the case above referred to.

Our view of the case is such at this time that it would be an affectation of industry upon our part to attempt to quote *verbatim et literatim* the testimony taken herein upon the subject of (1) violent injury, and (2) a definite figure of damages or a standard by which they can be ascertained, but, rather

than detail this testimony, we simply refer to the said testimony and give the pages where ample testimony may be found to support our findings of fact and conclusions.

As to a real and serious injury not yet cured and still requiring medical treatment six months after injury, see Testimony, pages 21, 48, 49 and 51.

It is true that there is a general rule that in actions of trespass bail is not demandable, because there is no standard by which the damages can be measured: Roberts's Digest, 87; Carroll v. Simons, 11 Dist. R. 47, 27 Pa. C. C. Reps. 29.

Yet, one of the exceptions to this rule is where there has been a violent battery (Moll v. Witmer, 11 W. N. C. 498), in which the plaintiff may sometimes swear to damages to a certain amount, and it may be evident from a view of the wounds that considerable damage must have been sustained.

In matters of mere tort, bail is not of course, but may be directed by a special order of the judge, as was done in the instant case, or of the whole court: Duffield v. Smith, 6 Binney, 302.

The affidavit in the present case shows a violent battery, and avers a damage of $15,000, and bail was specially allowed by a judge of this court in the sum of $1000. The cause of action here is trespass. Under our rule of court (page 20), no bail can be required in actions of trespass *vi et armis* without an affidavit of the cause of action: Fotterall v. Miller, 1 Del. Co. Reps. 286. Nor in such case can bail be demanded over $500 without allowance of the court or judge.

### Order.

And now, Jan. 11, 1929, after hearing and due consideration thereof, as well taking in view our facts and conclusions as aforesaid and the authorities therein referred to, the court doth order and decree that the rule to release defendant on common bail be and is hereby discharged.

From William R. Toal, Media, Pa.