## Hall *versus* Patterson *et ux.*

1. A magistrate's certificate of a wife's voluntary acknowledgment is not conclusive in case of fraud or constraint; but a purchaser *bonâ fide* and without notice of the fraud is excepted from this rule.

2. It would be an onerous and unsafe rule of practice, to require every offer of evidence to state all the additional facts necessary to constitute a full case.

3. If the connection of the evidence offered be not apparent, the court may require the party to state the additional facts to follow, which will show the relevancy of the offer, and, in doubtful cases, should always require the purpose of the evidence and the grounds of objection to be stated, and make them parts of the bill of exceptions.

1 P. F. SMITH—19

[Hall *v.* Patterson.]

ERROR to the Common Pleas of *Fayette county*, in which this was an action of ejectment by Cromwell W. Hall against Robert Patterson and Lucinda his wife, for a tract of land in that county, before Sterrett, P. J., of the Fifth District. The land in controversy was the property of Mrs. Patterson. On the 24th of June 1857, she and her husband executed a deed for it to Hall, the plaintiff, and N. W. Greenland. Greenland, on the 19th of February 1861, conveyed his interest in the land to Hall. The writ was issued February 20th 1861.

The defence was that Mrs. Patterson executed the deed under coercion and compulsion by her husband. There was evidence from several witnesses tending to show compulsion of the husband, and of Greenland's knowledge of it. The verdict was for the defendants.

The only exceptions below and errors assigned in this court, were to the admission of the following offers by the defendants, which were objected to by plaintiff as incompetent:

1st. To prove the acts and declarations of Mrs. Patterson at the time and before the execution and acknowledgment of the deed to Hall and Greenland, as to her unwillingness to execute the deed, and that she executed the same through compulsion of her husband and not of her own free will and accord;

2d. A witness testified that she had had a conversation with Mrs. Patterson after her husband had sold the property and before the execution of the deed, and defendants proposed to ask what the conversation was.

*Gilmore* and *Howell*, for plaintiff in error.—It is admitted that it is competent to show that the certificate of the justice is untrue, and that the grantee is involved in its falsity: Schnaden *v.* Decker, 9 Barr 14; Loudon *v.* Blythe, 4 Harris 532; s. c., 3 Casey 22. Here there was no offer to connect grantee with knowledge of the coercion.

*D. Kaine*, for defendants in error, cited Loudon *v.* Blythe, 4 Harris 539.

The opinion of the court was delivered, January 23d 1866, by

AGNEW, J.—A magistrate's certificate of a wife's voluntary acknowledgment of her conveyance of real estate, is not conclusive in cases of fraud or constraint: Nickerson and Wife *v.* Cavender, 2 Wright 337. A purchaser *bonâ fide* and without notice of the fraud or coercion is excepted from this rule; and hence the plaintiff in error complains that the offers of evidence should have explicitly proposed to follow up the proof of constraint with evidence of knowledge on part of Hall and Greenland the pur-

[Hall *v.* Patterson.]

chasers. It is a sufficient reply that the testimony already tended to prove Greenland's knowledge of Mrs. Patterson's unwillingness to trade her property for his Iowa lands. But independently, it would be a most onerous and unsafe rule of practice to require every offer of evidence to state all the additional facts necessary to constitute a full case. In practice, the party details to the court and jury the nature of the case he relies upon, before he proceeds with his evidence ; or at the time of his offer orally propounds the matter expected to make the offer effective, from which court and counsel can determine the character of the offer and its relevancy. The evidence, especially in cases of fraud, often consists of numerous links which must be separately proved, in order to forge the entire chain, encompassing the fraud and binding its parts together. To require a party, as each link is produced, to weld it by an offer in writing, to all others which shall follow, would burden the cause and create injurious delay. It is always in the power of the court, and often its duty, if the connection in the evidence be not apparent, to require the party to state the additional facts, to follow the offer and display its relevancy ; and the adversary may call for the purpose of the evidence to enable him to understand its propriety. Indeed, the bench would often save itself inconvenience and sometimes from reversal, if it would always in doubtful cases require the purpose to be stated, and also the grounds of objection, and make them parts of the bill of exceptions. There is a logic in such statements which often manifests at once the competency or incompetency of the evidence offered. In this case, however, the object is apparent, and the objections stated in the bill are simply that the evidence is incompetent. But clearly the unwillingness of Mrs. Patterson and her execution of the deed by compulsion are not incompetent facts as steps in the evidence ; while the knowledge of her grantees is a fact entirely independent, and can be made the subject of subsequent proof; and if it be not given, the party can call on the court to instruct the jury upon the effect of the failure to make the subsequent proof. As the order of evidence lies much in the sound discretion of the court, so as to expedite business as well as to do justice, it would be going very far in this instance to say, that the learned judge in the court below had done violence to the rules of evidence in receiving the evidence offered.

Judgment affirmed.