## Little *v.* Fairchild.

*Practice—Pleading—Amendment of statement.*

In an action of assumpsit, where a statement which avers that certain merchandise was sold on a day mentioned is amended by adding " or within six years before bringing this suit," the cause of action is not changed.

Going to trial on an amended statement without objection to its form is a waiver of objections on that ground.

Argued March 12, 1900. Appeal, No. 235, Jan. T., 1899, by defendant, from judgment of Superior Court, Jan. T., 1899, No. 17, affirming judgment of C. P. Bradford Co., Dec. T., 1893, No. 172, on verdict for plaintiff in case of William Little, administrator of George S. Barker, deceased, v. A. C. Fairchild and George Grace. Before McCollum, Mitchell, Dean, Fell and Brown, JJ. Affirmed.

Appeal from Superior Court.

From the record it appears that this was an action of assumpsit brought by George S. Barker on September 29, 1893; to re-

cover for certain onions sold to the firm of Fairchild, Grace & Company. Service was made upon but two members of the firm, A. C. Fairchild and George Grace. Judgment was originally entered for want of a sufficient affidavit of defense, which judgment was reversed by the Supreme Court. See Barker v. Fairchild, 168 Pa. 246. George S. Barker having died, his death was suggested and William Little, administrator, substituted as plaintiff. The administrator obtained leave and amended the statement of claim filed as follows:

Now, February 2, 1897, the plaintiff is permitted to amend his statement of claim in the above case by adding after the words " on the 31st day of October, A. D. 1891," the words " or within six years before bringing this suit."

Verdict and judgment for plaintiff for $250.72. From this judgment the defendants appealed to the Superior Court, which affirmed the judgment. See 10 Pa. Superior Ct. 211. A motion for a reargument was refused and subsequently an appeal was allowed by the Supreme Court.

*Rodney A. Mercur,* for appellants, cited Royse v. May, 93 Pa. 454, and Transit Co. v. Pipe Line Co., 180 Pa. 224.

*S. W. & Wm. Little,* for appellee.

OPINION BY MR. JUSTICE FELL, May 7, 1900:

The objection made to the amendment of the plaintiff's statement that by it a new and independent cause of action was introduced was not well founded. The only effect of the amendment was to relieve the plaintiff of the necessity of proving that the sale had been made on a particular day. The cause of action remained the same. The allegation as to the time of sale which the defendants were required to meet was very general, but not more so than if it had been stated under a videlicet. Of this they had ample notice, six months before the trial, and objection on that ground could have been raised by demurrer or by a demand for a bill of particulars. Going to trial on the amended statement, without objection to its form, was a waiver of all objections on that ground.

The judgment is affirmed.