# Levin *v.* Clad & Sons, Inc., Appellant.

*Practice, C. P.—Statements of claim—Amendments to statements—New cause of action—Statute of limitations.*

1. In an action of trespass to recover damages for personal injuries an amendment to the statement of claim averring the date of the accident to be April 26, 1907, instead of April 22, 1907, does not set up a new cause of action and may be made after the statute of limitations has run and the plaintiff in such case is not required to file a new declaration and rule the defendant to file a new plea.

*Negligence—Master and servant—Dangerous tools—Harmless error.*

2. In such case the admission of the testimony of a fellow workman of plaintiff, describing defects in the machine at which plaintiff was working and which caused the injury was not reversible error although it appeared that the witness did not make his examination until more than an hour after the accident, where testimony to the same effect was given by two other witnesses without objection, and where a witness who was in a position to know testified that the machine remained in the same condition after the accident as before for a whole day.

3. Evidence in such case to the effect that the plunger of the machine was out of order six weeks before the accident, and that the defects were called to the attention of the defendant's foreman by the witness, a fellow workman, was not harmful where plaintiff had testified that the machine showed the defects when he operated it and where experts stated that the defects would have a tendency to cause the condition which resulted in the accident.

4. Where in such action it appeared that plaintiff's eye was destroyed by a splinter of steel thrown from the machine which he was operating in defendant's plant and which he used for cutting elliptical pieces of German silver, that the machine was equipped with a knife elliptically shaped which fitted over a die and which was fastened to a plunger with a round shank and because the knife was out of alignment with the die a splinter of steel was chipped from the edge of the knife causing the injury complained of, it was not error to admit the testimony of expert mechanics as to their opinion whether the machine was a dangerous or safe one, where the questions were objected to, on the ground that they

suggested or admitted of answers that contemplated absolute safety, where the witnesses were not misled by the form of the questions, and answered that the machine was not such as was in common use and was not reasonably safe for use in punching elliptical shapes where a slight turning of the die on the round shank would be likely to cause the knife to break.

5. The court in such case made no error in refusing to affirm a point submitted by defendant to the effect that if the jury should find from the evidence that the plaintiff's eye was destroyed on account of the negligent manner in which the die or punch was adjusted by a fellow servant the verdict must be for the defendant, where no testimony was offered in support of any such defense and where it appeared that the adjusting of the machine was done under the supervision of the foreman.

Argued Jan. 12, 1914. Appeal, No. 239, Jan. T., 1913, by defendant, from judgment of C. P. No. 1, Philadelphia Co., June Term, 1907, No. 1710, on verdict for plaintiff in case of Isaac Levin v. V. Clad & Sons, Inc. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BREGY, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,800 and judgment thereon. Defendant appealed.

At the trial, plaintiff's witness, John D. Conner, being on the stand, was asked:

"Q. It has been testified that the plunger or upper die had a round shank with a thread on it and was inserted in a die which had a complementary thread upon it, will you please tell the court and jury whether such a machine is a dangerous or safe machine?

"(Objected to by counsel for the defendant.)

"(Objection overruled.)

"(Exception noted for defendant by direction of the court.)

"A. It would not be safe for anything but round work." (5)

Plaintiff's witness, Frank Bowers, being on the stand, was asked:

"Q. It has been testified that the upper die or stamp or plunger was inserted in the head by virtue of a screw on a round shank, state whether such a machine is a safe or dangerous machine.

"(Objected to by counsel for the defendant.)

"(Objection overruled.)

"(Exception noted for the defendant by direction of the court.)

"A. It is not safe for irregular shop punching unless secured against turning." (6)

*Errors assigned,* were various assignments referred to in the opinion of the Supreme Court, and (5, 6) rulings on evidence.

*Albert L. Moise,* with him *Samuel D. Matlack,* and *W. W. Smithers,* for appellant.

*James Gay Gordon,* with him *Simon C. Raken,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, February 16, 1914:

The plaintiff had the sight of his right eye destroyed by a splinter of steel thrown from a machine which he was operating in the defendant's plant. At the time, he was cutting from a sheet of German silver peculiarly shaped strips of metal, presenting in outline a narrow, elongated ellipse. This was done by a machine with a ram or plunger; at the lower end of which was attached an adjustable head bearing a knife, or punch, similar in outline to the metal strips; the plunger moved up and down in a vertical direction descending upon a cutting die, into which it was supposed to fit; thus when a sheet of the metal was properly placed and the machine operated, the plunger descended upon the die and the metal

was pressed or cut between their converging edges into the desired shape. On the evidence presented the jury could have found, and we must assume from the verdict that they did find, that the splinter of steel which pierced the plaintiff's eye was broken from the edge of the punch, and that this was caused by the latter being out of alignment and not descending squarely upon the die. A verdict was rendered for the plaintiff; judgment was entered, and the defendant has appealed.

The first assignment of error complains because the court below allowed the plaintiff to amend his statement of claim after the statute of limitations had run, and the second assignment asserts that, under the pleadings as they stood at the time of trial, there was no issue properly framed. It appears that the original declaration fixed April 22, 1907, as the date of the accident, whereas, in point of fact, it occurred on April 26th of that year. When first called for trial, a motion to amend the averment of date was granted, and the case was continued on a plea of surprise. Thereafter counsel for the plaintiff filed an affidavit in support of a formal rule to show cause why the amendment should not be allowed; this rule was made absolute, and the defendant was granted an exception to "the action of the court in permitting the said amendment." It is now claimed that the amendment was tantamount to an assertion of a new cause of action, and that, since the plaintiff did not file a new declaration and rule the defendant to file a new plea, there was no proper issue for trial. We are not impressed with the legal argument in support of these assignments, and we are satisfied that in point of fact the defendant suffered no material harm. The change of date in no sense altered the cause of action; hence, another plea was not required and it was not essential that the plaintiff should file a second statement of claim. (See, Good Intent Stage Co. v. Hartzell, 22 Pa. 277; Erie City Iron Works v. Barber, 118 Pa. 6; Little v. Fairchild, 195 Pa. 614.)

The third specification of error complains of the admission of testimony given by a fellow workman of the plaintiff in which he described the condition of the machine, to the effect that the punch was slightly turned so that it did not squarely meet the die as it should have done had the machine been in proper working order. It appears that this witness did not make his examination until about an hour or an hour and a half after the accident, and the appellant contends that "he had no knowledge whether or not anything had been done to the machine between the time of the accident and the time that he claims to have found the dies out of alignment." However this may be, testimony to the same effect was given by two other of plaintiff's witnesses without objection, and a witness for the defendant, who was in a position to know, testified that the machine remained in the same condition after the accident as before, stating, "Nothing was done to the machine at all that day"; the defendant's foreman likewise testified that he had given it a test at half past two in the afternoon, which was sometime after the examination made by the witnesses for the plaintiff, and stated that "there was nothing done to the machine from the time of the accident until I went there and went to work on it." Under the circumstances, it cannot be said that harmful error was committed in the matter called to our attention by this assignment.

The fourth assignment complains of the admission of the testimony of another fellow-workman of the plaintiff, to the effect that a month or six weeks prior to the accident, when the witness was working on the machine, it showed signs of being out of order, in that it repeated, —that is, the plunger went up and down many times when it should not have done so,—and that he called this to the attention of the defendant's foreman. The plaintiff had testified that the machine showed this defect when he operated it, and experts stated that repeating would have a tendency to loosen the parts so

that the punch would get out of alignment.  We are not convinced of reversible error in the admission of the testimony in question.  (See, Sopherstein v. Bertels, 178 Pa. 401, 408.)

The fifth and sixth assignments are alike in character and cover the admission of testimony given by expert mechanics produced by the plaintiff.  The condition of the machine was described to these experts, and the manner in which the head bearing the punch was inserted in the plunger, and held by a screw on a round shank, was called to their attention; then they were asked whether in their opinion such a machine was "a dangerous or safe" one.  They answered that "it would not be safe for anything but round work," and that it would not be safe for punching out peculiar shapes such as those being cut at the time of the accident.  These witnesses based their answers upon simple mechanical principles which they immediately explained in such a way as to be easily comprehended by any one, stating that where a die was designed to cut round work, a screw shank would be safe enough, for a slight turning of the head of the plunger would not throw it out of alignment, but if the appliance was used to cut patterns of irregular shape, as in the present case, the slightest turning would cause it to get out of alignment and not to strike the lower die squarely, which would make the machine unsafe and dangerous to the operator.  The defendant contends that the questions propounded to the plaintiff's experts suggested or admitted of answers that contemplated absolute safety, whereas, all that is required to exonerate an employer is that his machinery shall be reasonably safe.  While reasonable safety is the criterion, yet, when the replies of these witnesses are read, it is plain that they were not misled by the form of the questions complained of, and that the testimony given by them was kept well within proper bounds.  They testified in substance that the machine as constructed was not in accord with ordinary usage and was not an ordi-

narily safe one, while the experts on the other side gave evidence to the contrary. It may be that the trial judge did not state the law upon the point in question as well as he should have; but, since no exception was taken to this at trial, we must assume that counsel was satisfied at the time that the instruction now criticised was not harmful to the defendant. The jury not only had the condition of the machine minutely described by numerous workmen employed in the shop, who appeared both for the plaintiff and the defendant, but they also had a model and actual parts of the machine before them. Possibly, this was not a case where it was necessary to call experts, but counsel on both sides appeared to think otherwise at trial. We are not convinced that the present assignments require a reversal of the judgment.

The seventh assignment complains of the refusal to affirm a point submitted by the defendant to the effect that, "If the jury find from the evidence that the die was put in the machine and adjusted by a fellow-workman of the plaintiff, and that the accident was due to the negligent manner of such adjustment, the verdict must be for the defendant." This was declined upon the ground that it did not have "any relevancy to the case." A careful reading of the notes of testimony conclusively shows that no such defense was offered, and that none of the witnesses testified that the accident was due to the negligent manner in which the die or punch was adjusted. The plaintiff's case was founded upon the theory that the punch was loosened by the otherwise defective condition of the machine; while the defense appears to have been a complete denial of any defect whatever in the machine or the adjustment of its parts and an assertion that the accident was due to faulty operation by the plaintiff. In view of these facts, the point was properly declined. But more than this, the defendant's foreman testified that although another man adjusted the machine, yet, it was done in his presence and under his

superintendence, and that the obligation was upon him to see that the appliance was kept in proper condition.

The eighth specification of error complains of the re-- fusal of binding instructions and the ninth of the refusal of judgment non obstante veredicto in favor of the defendant. What we have already written sufficiently disposes of the contentions made under these assignments, and it remains but.to say that while the declaration does not describe the accident as aptly as it might, yet, plainly, the defendant was in nowise misled as to its nature, and there are no substantial reasons for holding a variance between the allegata and probata.

The assignments of error are .all overruled and the judgment is affirmed.