# Rock, Executor, *v.* Cauffiel, Appellant.

*Practice, C. P.—Pleading—Statement of claim—Amendment— Cause of action—False representations—Mortgage—Measure of damages—Evidence—Discretion of court.*

1. In an action by an executor to recover damages for loss incurred by alleged false representations made by defendant to testator as to the priority of the lien of a mortgage bought from defendant, the statement of claim may be amended by substituting a different date from that contained in the original statement, on which the representations were made.

2. In such case, the statement may be further amended by averment of facts merely incidental to the transaction, but leaving the substance of the claim essentially unchanged.

3. Where it appears, in such case, that, in foreclosure proceedings under the mortgage, judgment was entered, not in favor of the executor as such, but in his individual capacity, and an averment of such mistake is made in the statement, the record of the foreclosure suit is properly admissible in evidence, although there is no offer to prove the mistake.

4. As the relevancy of the offer of the foreclosure record was apparent from the pleadings and proof, and as the mistake had already been made to appear, the form and scope of the offer was within the discretion of the trial judge.

5. Where it appears that the executor bought in the property at the foreclosure sale at a price insufficient to pay the mortgage debt in full, after the payment of prior judgments as to which misrepresentations were made, the measure of damages is the difference between the value of the property as security, if statements made by defendant had been true, and its value as shown by the result of the sale, in the manner prescribed in the mortgage.

6. The disposition of the property later, whether the executor kept it or sold it or gave it away, and whether it was in fact of a greater value than the amount realized by the sale, is immaterial.

*Practice, C. P.—Trial—Improper remarks of counsel—Withdrawing juror—Discretion of court.*

7. In an action to recover damages for a loss occasioned by fraudulent representations by defendant, a remark of plaintiff's counsel that defendant "had first tried to defraud" another person named, is not ground for reversing a judgment for plaintiff, because the court refused to withdraw a juror, if it appears that the

court promptly instructed the jury to disregard the statement, with the further instruction that there was no evidence of an attempt to defraud the other person, and, even if there were, it was no part of the case being tried.

Argued September 27, 1921.   Appeal, No. 130, Oct. T., 1921, by defendant, from judgment of C. P. Cambria Co., Sept. T., 1917, No. 270, on verdict for plaintiff, in case of George Rock, Executor of David J. Wagner, deceased, v. Joseph Cauffiel.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Trespass for loss occasioned by alleged false and fraudulent representations.   Before BAILEY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,530.97.   Defendant appealed.

*Errors assigned,* among others, were (1, 2) rulings as to amendments, (3) admission in evidence of foreclosure record; (4) ruling on evidence as to the value of the real estate, and (7) refusal to withdraw a juror.

*Philip N. Shettig,* with him *A. Lloyd Adams, George E. Wolfe* and *Alex. H. Louther,* for appellant, cited as to the amendment: Mays v. United Nat. Gas Co., 268 Pa. 325.

Cited as to remarks of counsel: Hoffman v. Berwind-White Coal Mining Co., 265 Pa. 476.

*Frank P. Barnhart,* for appellee, cited, as to amendments: Levin v. Clad & Sons, 244 Pa. 194; Joynes v. R. R., 234 Pa. 321; Wilhelm's App., 79 Pa. 120; McCullough v. Transit Co., 61 Pa. Superior Ct. 384; Terrell v. Rys., 58 Pa. Superior Ct. 371.

As to admission of record: Hall v. Patterson, 51 Pa. 289.

As to measure of damages: Stetson v. Croskey, 52 Pa. 230.

As to improper remarks of counsel: Meyer v. Moss, 66 Pa. Superior Ct. 149; Knoller v. Realty Co., 59 Pa. Superior Ct. 544; Moore v. Neubert, 21 Pa. Superior Ct. 144; Shaffer v. Coleman, 35 Pa. Superior Ct. 386.

OPINION BY MR. JUSTICE FRAZER, January 3, 1922:

This action is to recover damages sustained by plaintiff's decedent for alleged false representation made by defendant, a mortgage broker, with regard to the lien of a mortgage on real estate in the Borough of Ferndale, Cambria County, which defendant induced deceased, during his lifetime, to purchase. The mortgage in question was executed November 14, 1911, by Bertha and Paul Verab, in favor of Samuel Helman, as mortgagee, and recorded November 20, 1911, in the recorder's office of Cambria County. In the meantime, on November 15, 1911, defendant caused two judgments to be entered in that county against Helman, one in defendant's favor and one in favor of a third person, which judgments became liens against the mortgaged property ahead of the mortgage in question. On January 2, 1912, defendant sold the mortgage to plaintiff's decedent, representing it to be a first lien against the land. The mortgage was not paid at maturity and foreclosure proceedings were begun, resulting in the sale of the property by the sheriff and its purchase by plaintiff's decedent for a sum sufficient to pay the earlier judgments and a small amount on account of the mortgage. This action against defendant followed, to recover the unpaid balance. The case was submitted to the jury and verdict rendered in favor of plaintiff, on which judgment was duly entered. Defendant appealed.

The first two assignments of error complain of the action of the court below in refusing to strike from the record plaintiff's amended statement of claim, on the ground that it set up a new cause of action after the ex-

piration of the statutory period. The changes set out in the amendment submitted a different date from that contained in the original statement on which the representations complained of were made; corrected the averment that the mortgage in question was purchased "through defendant from Samuel Helman" to an averment that its purchase was "from said defendant"; and an additional averment that the mortgage had been assigned by Helman to defendant December 11, 1911, and held by the latter until January 2, 1912, at which time defendant erased his name as assignee in the assignment and substituted the name of plaintiff's decedent; and a further statement that plaintiff subsequently assigned the mortgage to a third person using his individual name by mistake, instead of making the assignment in his official capacity as executor, and that such third person, on discovering the error, reassigned the mortgage and demanded and received from plaintiff a return of the consideration. None of these changes or averments is subject to the objection made. The substitution of the correct date upon which the representations were made did not change the cause of action: Levin v. Clad & Sons, 244 Pa. 194, 197. While the other averments in the amendment were not found in the original statement they merely set forth additional facts in connection with the transaction and constitute no departure from the original cause of action, which was the false representations as to the nonexistence of earlier encumbrances against the property. Whether decedent purchased the mortgage from a third person through defendant, or whether he subsequently sold the mortgage and was obliged to repurchase it and refund the consideration to the purchaser upon discovering the falsity of the representations, was wholly immaterial so far as the cause of action was concerned. The gist of the action is the misrepresentations made by defendant as to the lien of the mortgage he induced plaintiff's decedent to purchase. If the representations made by defendant were false and

plaintiff acted in reliance upon them to his damage, it made no difference from whom the mortgage was, in fact, purchased or what was subsequently done with it. The changes made by the amendment merely entered more into detail of the facts incident to the transaction, leaving the substance of the claim essentially unchanged. This did not constitute a departure from the original cause of action: Wilhelm's App., 79 Pa. 120, 130; Joynes v. R. R., 234 Pa. 321, 327.

Defendant further contends the trial judge erred in admitting in evidence the record of the foreclosure proceedings under the mortgage in question, on the ground that the judgment entered was not in favor of George Rock as executor of the estate of David Wagner, but in favor of George Rock in his individual capacity. The purpose of this evidence was to prove the damages plaintiff suffered by reason of the preceding encumbrances against the mortgaged property. Counsel for defendant admits this evidence was an indispensable link in the chain of plaintiff's proof, but argues it was incompetent solely because entered in favor of plaintiff in his individual capacity instead of as executor, and that, while the statement of claim avers the entry of judgment in the manner stated was by mistake, yet it is contended the offer of the judgment was not accompanied by an offer to prove such error. However, as the fact that a mistake had been made already appeared and the purpose of the offer was apparent from the pleadings, as well as the proofs on record, the relevancy of the evidence was conceded, and the form and scope of the offer was within the discretion of the trial judge: Hall v. Patterson, 51 Pa. 289.

Defendant also contends that error was committed in permitting plaintiff to prove the sum for which the property was sold at sheriff's sale in the foreclosure proceedings, as evidence of the measure of his damages, and argues that, since the property was bought in by plaintiff, it was at much less than its real value and that its market

value was, in fact, sufficient to pay all liens in full. In other words, the argument is that defendant was entitled to receive the benefit of any increase in value of the property. This position is not sustainable. The mortgage was the security given for the debt and it was with reference to this security that the false representations were made. In so far as the previous liens prevented plaintiff from realizing on the sale of the security, to that extent he sustained damage by the fraud practiced upon him. After the mortgage was foreclosed and the land sold the property was not substituted for the mortgage. The amount realized at the sale fixed the value of the security and any sum left over and above the earlier encumbrances was properly credited to the mortgage and to that extent reduced the amount of plaintiff's loss. The creditor proceeded in due form to foreclose and sell the property and no charge of fraud is alleged in the manner of conducting the sale. Plaintiff was entitled to purchase the property at the sale if he chose to do so and stood in the position of a third person in so far as his subsequent dealing with it was concerned. His measure of damage was the difference between the value of the security, if statements made by defendant had been true, and its value as shown by the result of the sale, in the manner prescribed in the mortgage. The disposition of the property later, whether he kept it or sold it or gave it away and whether it was, in fact, of a greater value than the amount realized at the sale, was immaterial. Defendant, consequently, cannot defeat recovery by showing the property was, in fact, worth more than plaintiff paid for it at the sheriff's sale: Stetson v. Croskey, 52 Pa. 230; Medbury v. Watson, 6 Metcalf (Mass.) 246; Simar v. Canady, 53 N. Y. 298; Lunn v. Shermer, 93 N. C. 164; Clark v. Morgan County Nat. Bank, 196 Fed. 709.

The remaining question refers to alleged improper remarks of counsel during argument to the jury. The remark complained of is that defendant "first tried to

defraud Samuel Helman." The action, being based on fraud and deceit, involved the conduct of defendant, and, whether or not the remarks were proper criticism, they cannot be held sufficient to justify a reversal of the case, in view of the fact that the court below promptly instructed the jury to disregard the statement and told them there was no evidence of an attempt to defraud Helman, but if there were such evidence it was no part of the case being tried. There was ample evidence to sustain the verdict and we are not convinced that the court below abused its discretion in refusing to withdraw a juror.

The judgment is affirmed.