## Long v. McAllister.

*Statement—Sufficiency of averment—Damages—Deceit.*

In an action to recover damages for money paid by the plaintiff for stock in a reorganized oil company at the instance of the defendant, who induced such payment by alleged false representations as to the value of the stock, the amount paid in by other stockholders and other matters, a statement is insufficient which fails to aver as the measure of damages the difference between the value of what the plaintiff received and its value had the defendant's representations been true, or the difference between the value of what the plaintiff received and what he paid, and which fails to state what the other stockholders actually did pay in or how the money paid for the assets of the old company was raised. It is insufficient for the plaintiff to aver in his statement that he does not know, and cannot ascertain, what amount was paid in, but it did not exceed an amount stated.

Rule for a more specific statement. C. P. Lancaster Co., April T., 1921, No. 32.

*K. L. Shirk* and *John A. Coyle,* for rule; *F. Lyman Windolph,* contra.

LANDIS, P. J., April 14, 1923.—The plaintiff in this case filed a statement, to which the defendant filed an affidavit of defence in the nature of a demurrer. On a hearing, judgment was entered for the defendant. An appeal was taken from this judgment to the Supreme Court of Pennsylvania, and the judgment was reversed with a *procedendo.* Thereupon the defendant entered a rule for a more specific statement, which rule was made absolute. The plaintiff then filed an amended statement, and this court is now met with another rule for a more specific statement.

In the opinion of the Supreme Court (see Long *v.* McAllister, 275 Pa. 34), Moschzisker, C. J., said: "A question remains, however, as to the sufficiency of plaintiff's averments of loss. The statement ends with allegations that the

Long *v.* McAllister.

assets of the new corporation were less than they would have been if the representations of defendants had been true, that the corporation had no ready money to begin business with, and that plaintiff had been 'induced to pay for said stock more than the actual value thereof at the time of purchasing,' thereby suffering a loss of $2000. He also claimed additional damages 'in the nature of interest' on his $2000 from March 8, 1919, when he made payment thereof, and $500 as exemplary damages. Plaintiff's averments of loss are faulty; whether in an action like the present, the measure of damages be viewed as the difference between the value of what plaintiff received and the value it would have possessed had the facts been as represented by defendant (Rock *v.* Cauffiel, 271 Pa. 560, 565), or whether it be the difference between what plaintiff was induced to pay by the fraudulent statements and the value of what he received, . . . the statement of claim omits to aver any of such values."

It is admitted that the property was purchased by Hetrick for the promoters of the new company for $7525. Ostensibly, this is what it was worth. At least, the plaintiff does not aver that it was not. It is admitted that 140 shares of the new company were issued. Even if there was no fixed market value for the stock, the plaintiff was bound to aver the value as received "and the value it would have possessed had the facts been as represented by defendant," or he was bound to claim "the difference between what" he "was induced to pay by the fraudulent statements and the value of what he received." He has done neither. It may be difficult to arrive at these figures, but he must do so if he hopes to recover. The discussion set forth in the statement is not in accordance with the above requirements and does not meet the issue.

In addition, the Supreme Court said: "Plaintiff also fails to state with requisite explicitness what as a matter of fact the other parties—aside from Fleming, who, like himself, contributed $2000—paid into the new corporation, if they paid anything; and he does not say what money or other thing of value, if any, was paid into the treasury of the corporation for the 100 shares of stock issued by it over and above the forty shares purchased by himself and Fleming; nor does he state how the corporation obtained the money (beyond the $4000 represented by the last-mentioned stock) which was used to meet Hetrick's bid of $7525. In the absence of the items of information to which we have called attention, and particularly in default of any specific averment as to the value of the stock plaintiff received for his $2000, there is no way to estimate the alleged loss to plaintiff."

The plaintiff, in answer to these demands, alleges that he "does not know, and cannot ascertain, what the other parties—aside from Fleming and himself—paid into the new corporation or to Hetrick, but avers that the total amount of said payments (exclusive of the contributions of the plaintiff and Fleming) did not exceed $3525." It may be unfortunate for him that he does not know the necessary facts, but he is not excused on that account. He is required, as shown in the above opinion, to know and aver them, and if he does not, he must suffer, as every one else does, the consequences of his ignorance of a material fact. He cannot supply a defect by saying he does not know.

The amended statement is clearly argumentative and not explicit in its averments, and, in my judgment, it is not in accordance with the decision of the Supreme Court. I have endeavored to point out which I believe are the requisites demanded, and, in order that they may be met, the rule is made absolute. Rule made absolute.

From George Ross Eshleman, Lancaster, Pa.