## Andrews, Appellant, *v.* Marsden et al.

*Practice, C. P.—Amendment—Shifting cause of action—Statute of limitations.*

1. After the statute of limitations has run, plaintiff will not be permitted to shift his ground of complaint by introducing a new cause of action.

2. If he has charged defendant with a trespass de bonis asportatis, he cannot, after the statute of limitations has run, amend his statement so as to charge an illegal distress.

3. In such case where the evidence shows an alleged distress, the court commits no error in entering a nonsuit, and refusing leave to amend.

4. Where it is claimed that the statute of limitations has run the court may permit an amendment so as to permit plaintiff to aver and show the true date, not within the limitation period.

Argued May 2, 1923. Appeal, No. 253, Jan. T., 1923, by plaintiff, from order of C. P. No. 1, June T., 1914, No. 1533, refusing to strike off nonsuit in case of Charles A. Andrews v. Biddle A. Marsden and Julia A. Marsden, his wife, and Maurice Levy. Before MOSCHZISKER, C. J.,

FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Trespass de bonis asportatis. Before BARTLETT, J. The opinion of the Supreme Court states the facts. Nonsuit; refusal to take off. Plaintiff appealed.

*Errors assigned,* inter alia, were order and refusal of amendment, quoting record.

*Frederick A. Sobernheimer,* with him *E. Hunn,* for appellant.

*Morris Dos Passos,* with him *Francis J. Maneely,* for appellee.

OPINION BY MR. JUSTICE FRAZER, June 23, 1923:

Plaintiff, on June 19, 1914, sued to recover damages alleging defendants, on March 5, 1912, "with force and arms unlawfully, maliciously and without consent of plaintiff," seized and carried away personal property belonging to plaintiff "and converted all said goods and chattels to their own use." At the trial on April 17, 1922, the evidence offered by plaintiff was to the effect that defendants leased to plaintiff premises No. 8328 Germantown Avenue, Philadelphia, and that a levy under landlord's warrant was made and the goods in question seized by the constable and subsequently sold in payment of rent in arrears. Plaintiff claimed the distraint was illegal in several respects and that by reason of such unlawful distraint he was entitled to recover damages. The trial judge entered a nonsuit assigning as a reason that the evidence offered failed to support the cause of action alleged in the statement of claim which contained no reference to a wrongful distress and refused amendment of the statement because the claim as proposed by the amendment set out a new cause of action barred by the statute of limitations.

The rule is well settled that, after the statute of limitations has run, plaintiff shall not be permitted by amendment to "shift his ground of complaint, introduce a new cause of action, cure a fatal defect in the pleadings, change his cause from a common law to a statutory proceeding, or deprive defendant of a valuable right": Card v. Stowers Pork Packing Co., 253 Pa. 575, 579.

To conform to the testimony, plaintiff proposed to amend his statement of claim (1) by changing the date of the wrongful distraint from March 5, 1912, to February 2, 1912, and (2) to recover for an alleged illegal distraint under landlord's warrant. The court refused both amendments. The substitution of the correct date of the commission of the act did not change the cause of action and the amendment in this respect was improperly refused: Levin v. Clad & Sons, 244 Pa. 194, 197; Rock v. Cauffiel, 271 Pa. 560, 563. The refusal to allow this amendment is, however, immaterial, inasmuch as the other proposed amendment introduced a new cause of action by claiming damages for an illegal distress in lieu of charging defendants with a trespass de bonis asportatis as set forth in the original statement. A recent illustration of what constitutes a change in the cause of action is found in Mays v. United Nat. Gas Co., 268 Pa. 325, where the court held that a statement in an action for personal injuries averring negligence in not furnishing a chain of sufficient strength for an intended purpose was not amendable to charge negligence in failing to properly fasten the chain to a beam. In Mifflintown Bank v. Bank, 247 Pa. 40, it was held a claim based on an agreement to purchase bills of lading could not be amended to cover the purchase of bills of lading where the charter of the bank failed to authorize it to deal in such bills. And in Mumma v. Mumma, 246 Pa. 407, it was held error to allow plaintiff, after the statute had run, to amend the statement claiming the balance of a debt after allowance of a specified credit by setting up a claim on defendant's guarantee of stock accepted by

plaintiff.   See also Mitchel Coal Co. v. Penna. R. R. Co., 241 Pa. 536, 540; Hall v. Penna. R. R. Co., 257 Pa. 54, 66.

The evidence offered by plaintiff was inadmissible under the pleadings, as it failed to sustain the cause of action set forth in the statement of claim.   A nonsuit, accordingly, was properly entered.   The offer to amend came too late inasmuch as the proposed amendment set forth a new cause of action barred by the statute of limitations.   This view of the case makes unnecessary consideration of the other questions raised by the assignments of error.

The judgment is affirmed.