## THE I. S. E. 2.

## FRYMIER v. MASCOLA et al.

Circuit Court of Appeals, Ninth Circuit.
February 25, 1929.

Rehearing Denied March 28, 1929.

No. 5614.

Wilbur Bassett, of Los Angeles, Cal., for appellant.

Loucks & Phister, of San Pedro, Cal., and C. W. Pendleton, of Los Angeles, Cal., for appellees.

Before RUDKIN and DIETRICH, Circuit Judges, and BEAN, District Judge.

RUDKIN, Circuit Judge. This is an appeal from a final decree in admiralty in favor of the libelants. The amended libel, filed in April, 1926, alleged that in November, 1925, the master of the fishing vessel, against which the libel was filed, employed the other libelants as members of the crew of the vessel and agreed to pay to each of them, while so employed, one-sixth of the net proceeds derived from the sale of any and all fish caught by the vessel; that between January 1 and January 26, 1926, the libelants served on the vessel as master and members of the crew and engaged in fishing operations in the waters of the Pacific Ocean; that during that period the vessel caught 200 tons of fish, which the master sold for the sum of $10 per ton, receiving in payment therefor the sum of $2,000; that the net amount received from the sale of the fish, after deducting all expenses of operation, was the sum of $1,500; and that under and by virtue of the terms of their contract of employment there became due to each of the libelants one-sixth of that amount, or the sum of $250. The evidence offered at the trial wholly failed to support the allegations of the amended libel in that respect. On the contrary, it was admitted by the libelants that they had received payment in full for all services performed during the month of January, 1926, and, in the face of that admission, they were permitted to prove, over objection and exception, that about 150 tons of fish were caught by the vessel during the month of February, 1926; that the corporation to which the fish were sold became insolvent; that no part of the purchase price of the fish so sold had been paid; and that the libelants had received nothing for their services during the month of February. This testimony was admitted, as already stated, over objection on the ground that it was not within the issues presented by the pleadings. On June 13, 1928, after the trial, the court allowed an amendment to the amended libel by inserting the word "February" instead of the word "January," thus alleging that the fish were caught during the former month; and also an amendment alleging that each of the seamen was entitled to one-ninth of the proceeds derived from the sale of the fish instead of to

one-sixth, as alleged in the amended libel. This amendment was allowed after the state statute of limitations (Code Civ. Proc. Cal. § 339) had run, and inasmuch as courts of admiralty follow the state statute, by analogy it is contended that the amendment was improper inasmuch as it brought in a new and different cause of action.

The authorities all agree that there can be no departure from law to law or from fact to fact, after the statute of limitations has run against a claim, if the departure brings in or introduces a new cause of action. 37 C. J. 1074. The difficulty lies, not in the rule, but in its application; that is, in determining when a new cause of action is introduced or brought in. Here, the cause or causes of action set forth in the first amended libel were circumscribed and limited in many ways, such as by the date of the catch, the quantity caught, the selling price, the net proceeds, the apportionment between the different libelants, etc. No doubt, some, if not all, of these averments might be changed by amendment to correct mistakes of the pleader without stating or bringing in a new cause of action; but, when the amended libel is construed as a whole, it is plain to be seen that it sets forth a single cause of action in favor of each of the libelants for the recovery of his proportionate share of a fund derived from a sale of fish caught during January, 1926, and nothing more; and when it was made to appear at the trial that there was no such fund, and no such right of action in favor of the libelants, a change in the pleadings so as to bring in some new and different right of action clearly and unmistakably introduced a new cause of action by amendment, and this cannot be done. The proof as offered failed to support the allegations of the libel, and it was error to allow an amendment to conform to testimony which should have been excluded.

The decree is therefore reversed, with directions to dismiss the libel.