**THE KERMIT.**

No. 1899.

District Court, S. D. California, S. D. Jan. 8, 1934.

Alfred C. B. McNevin, of New York City (Overton, Lyman & Plumb and L. K. Vermille, all of Los Angeles, Cal., of counsel), for libelants.

Young, Lillick, Olson, Graham & Kelly, of Los Angeles, Cal. (John C. McHose, of Los Angeles, Cal., of counsel), for respondent and claimant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (James H. Herbert, of New York City, of counsel), for respondent and claimant.

COSGRAVE, District Judge.

My conclusions with respect to all of the issues here presented, other than the statute of limitations, are in favor of the libelant. The frail and unsafe condition of the containers of the sugar was noticed at the time the cargo was loaded at Hamburg. Contrary, however, to this known fact, a bill of lading was issued certifying that the cargo was in apparent good condition. On the strength of this bill of lading, payment was made in Dresden, and the Irving National Bank immediately became liable to the Dresden bank for this sum. Libelants plainly could do nothing to help themselves on the arrival of the cargo in New York.

The cargo was damaged and libelants were financially injured.

■ The damage was suffered in July, 1920. Claim was made asserting damage in October following. The libel was not filed until December 3, 1924. The claim is made on behalf of claimant that the statute of limitations had run, for that the admiralty court adopts by analogy the statute of limitations of the forum, which in this case would be four years. I believe that this position is supported by authorities generally and decisively supported in this circuit by the following cases: U. S. Shipping Board v. Rosenberg (C. C. A.) 12 F.(2d) 721, 724; Frymier v. Mascola (C. C. A.) 31 F.(2d) 107, 108; The San Rafael (C. C. A.) 141 F. 270, 280; Cresci v. Standard Fisheries (D. C.) 7 F.(2d) 378; and in other circuits: Davis v. Smokeless Fuel Co. (C. C. A.) 196 F. 753, 755; McGrath v. Panama R. Co. (C. C. A.) 298 F. 303.

■ I see no exceptional circumstances in the evidence that would render the running of the statute of limitations inequitable. As suggested, the damage was suffered in July, 1920; claim was made first in October, 1920; an action in personam might have been commenced in New York at any time from the occurrence of the loss, as the office of claimant was but a short distance from the office of libelants.

Judgment must be for claimant, and it is so ordered. Claimant will prepare appropriate decree. Exception to libelants.