CHARLES RYGIEL, PLAINTIFF-APPELLANT, v. SAM KAN-ENGIESER AND MORRIS KANENGIESER, DEFEND-ANTS-RESPONDENTS.

Submitted October 26, 1934—Decided January 10, 1935.

For the appellant, *Aaron Marder*.

For the respondents, *John Coult* and *John J. Francis*.

The opinion of the court was delivered by

HEHER, J. Plaintiff appeals from a judgment of nonsuit. The single question raised is whether the pleaded cause of action is barred by the statute of limitations.

The action was instituted on February 10th, 1932. The gravamen of the complaint is negligence in the maintenance of a stairway leading to a building erected on lands in the city of Newark, owned and possessed by defendants, as a result of which plaintiff suffered injuries on May 20th, 1931. On November 25th, 1933, an order was made in open court,

in the presence of defendant's attorney, amending the complaint to state that the injury in question was sustained on May 21st, 1930. The answer to the amended complaint pleaded the asserted bar of the statute of limitations. The nonsuit was predicated upon the theory that the amended complaint pleaded "a different cause of action."

In so ruling, the trial judge fell into error. The original and amended complaints pleaded the one cause of action. The amendment merely corrected the erroneous allegation in the complaint of the date when the cause of action arose. Defendants' counsel manifestly misconceive the scope and effect of the amendment. They argue that, upon the expiration of the statutory period, defendants "acquired a vested right to be forever free from all claims or causes of action arising out of the accident, with the exception of the *one* which was specifically covered by the complaint already filed."

It is indisputably the rule that an entirely new and different cause of action cannot be introduced after the statute has tolled the action. *Casavalo* v. *D'Auria,* 12 *N. J. Mis. R.* 81; *affirmed,* 113 *N. J. L.* 328; *O'Shaughnessy* v. *Bayonne News Co.,* 9 *N. J. Mis. R.* 345; *affirmed,* 109 *N. J. L.* 271; *DiLello* v. *Manufacturers Land and Improvement Co.,* 11 *N. J. Mis. R.* 164; *Doran* v. *Thomsen,* 79 *N. J. L.* 99; *Fitzhenry* v. *Consolidated Traction Co.,* 63 *Id.* 142; *Lower* v. *Segal,* 60 *Id.* 99. But the amendment here did not introduce a new or different cause of action. To guard against the consequences of variance, it was deemed essential that the complaint state the true date of the occurrence of the matters giving rise to the alleged cause of action. For one thing, defendants were entitled to this information in order to make adequate preparation to meet the allegations of actionable injury. The *ratio decidendi* of the cited cases is that an amendment will not, as a rule, be held to state a new cause of action, if the facts alleged show substantially the same wrong with respect to the same transaction, or if it is the same matter more fully or differently laid, or if the gist of the action or the subject of controversy remains the same. " 'Gist' is the essential ground or object of the action in

point of law, without which there would be no cause of action; the cause for which an action will lie; the ground or foundation of a suit, without which it would not be maintainable; the essential ground or object of the suit, without which there is no cause of action." *Casavalo* v. *D'Auria, supra.*

Where a plaintiff, by amendment, sets up no new matter or claim, but merely restates in a different form, more correctly and specifically, or more clearly and concisely, the same cause of action declared in the original complaint, or merely avers that, through mistake, the time is erroneously stated in the complaint, it is not the statement of a new or different cause of action, and the statute will not avail for the period between the original and amended pleadings. *Andrews* v. *Marsden,* 278 *Pa.* 56; 122 *Atl. Rep.* 171; 29 *A. L. R.* 636; *Levin* v. *Clad & Sons, Inc.,* 244 *Pa.* 194; 90 *Atl. Rep.* 570; *Columbian Three Color Co.* v. *Aetna Life Insurance Co.,* 183 *Ill.* 384; 37 *C. J.* 1071; 49 *Id.* 515.

The common law rule is that the statement in pleadings of the real or precise time is not necessary, even in criminal cases, unless time is the very gist of the matter. The statement of the time of committing injuries *ex delicto* is seldom material; it may be proved to have been committed either on a day anterior or subsequent to that stated in the declaration. *Chit. Pl.* 272, 273, 408, 409. The time is considered in general as forming no material part of the issue, so that one time may be alleged and another proved. *Steph. Pl.* 292. This writer suggests that the time be laid under a *videlicet,* but that does not seem to have been a requirement of the common law. *Chit. Pl.* 272 *et seq.,* 408 *et seq.*

Defendants concede that, "under ordinary circumstances the date of an accident would not seem to be its essence," but insist that, if the power of amendment is thus exercised after the period of limitation has expired, the defendant "may find it impossible to prepare his defense to the new allegation," for the reasons that witnesses may have died or disappeared, or the lapse of time may have impaired recollection, and that "with the passing of months and years, time becomes of the essence." But it is obvious that this argu-

ment is addressed, not to the existence of the power of amendment in such cases, but to the propriety of its exercise in a given case. It results that the nonsuit was erroneous.

Judgment reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Parker, Lloyd, Case, Bodine, Donges, Heher, Perskie, Van Buskirk, Kays, Hetfield, Dear, Wells, JJ. 14.