## COMMERCIAL CREDIT CO. v. COUNTY OF NORTHUMBERLAND.

District Court, M. D. Pennsylvania.
June 27, 1938.

Chas. E. Berger, of Pottsville, Pa., Duane R. Dills and Jack J. Levinson, both of New York City, and J. A. Welsh and S. L. Gribbin, both of Shamokin, Pa., for plaintiff.

Fred B. Moser, of Shamokin, Pa., and Samuel Gubin, of Sunbury, Pa., for defendant.

JOHNSON, District Judge.

The questions presented are raised by a rule to amend the statement of claim and by an affidavit of defense raising questions of law.

The action is assumpsit on a written contract under seal between the Poole Engineering and Machine Company and the County of Northumberland, Pennsylvania, dated on June 13, 1931. The contract provides for the sale of voting machines to the County and for payment to the Poole Company of certain sums alleged to be due under the contract, on December 1, 1931.

The summons was issued and the statement of claim filed October 16, 1937. The statement alleges, inter alia, that the Poole Company was adjudicated a bankrupt on February 9, 1932, in the United States District Court for the District of Maryland, and that George W. Manley duly qualified as Trustee. The statement also alleges that the Trustee of the bankrupt company assigned all of the company's right, title, and interest under its contract with the County of Northumberland to the plaintiff, Commercial Credit Company.

On February 14, 1938, the plaintiff filed a motion to amend the caption of the case to conform with the facts alleged in the statement. The proposed amendment reads: "George W. Manley, Trustee in Bankruptcy of the Poole Engineering and Machinery Company, to the use of Commercial Credit Company, Plaintiff vs. County of Northumberland, Defendant." A rule to show cause why this amendment should not be allowed was granted on February 16, 1938, and on April 1, 1938, the defendant filed an affidavit of defense, which raises the same question.

The defendant contends that the amendment introduces a new cause of action and is therefore barred by the Statute of Limitations.

748

The rule that a new cause of action barred by the Statute cannot be introduced by amendment is well settled in Pennsylvania. Wright v. Hart's Administrator, 44 Pa. 454; Andrews v. Marsden, 278 Pa. 56, 122 A. 171, 29 A.L.R. 636. However, under the Act of March 21, 1806, 4 Sm.L. 326, § 6, 12 P.S.Pa. § 531, and the Act of May 4, 1852, P.L. 574, § 2, 12 P.S.Pa. § 533, the court may permit at any stage of the proceedings, an amendment changing or adding the names of any party when it appears that a mistake or omission has been made. An amendment may be made under these acts even though the Statute of Limitations has run, provided it does not change the cause of action originally set forth. Leland v. Firemen's Ins. Co., 127 Pa.Super. 533, 193 A. 475.

In the case at bar, the contract is under seal, which is a "specialty", and is expressly omitted from the operation of the Statute of Limitations by the terms of the Act of March 27, 1713, 1 Sm.L. 76, § 1, 12 P.S.Pa. § 31. Such an agreement continues in force until presumption of payment arises after a lapse of twenty years. In re Gill's Estate, 268 Pa. 500, 112 A. 80; Reed v. Reed, 46 Pa. 239. Neither the Statute of Limitations nor presumption of payment applies to the contract in question. Hence, the amendment should be permitted under the Act of 1806 and the Act of 1852, supra.

The tendency is to allow such amendments with increasing liberality and to interpret more liberally the technical definitions of the phrase "a new cause of action" as used here. This tendency is pointed out by Mr. Justice Holmes in New York Central & Hudson R. R. Co. v. Kinney, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294, and by Mr. Justice Cardozo in United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619, and these opinions are cited with approval by Mr. Justice Maxey in Rooney v. Maczko, 315 Pa. 113, 172 A. 151.

Under the rules laid down in these cases, the amendment in question merely amplifies the cause of action already alleged and does not set out a new cause.

And now, June 27, 1938, the rule granted on the motion to amend the statement of claim is made absolute; the affidavit of defense is dismissed; and the motion of the plaintiff to amend the caption of the statement of claim is allowed, and it is

Ordered that the caption be, and the same hereby is amended to read: "George W. Manley, Trustee in Bankruptcy of the Poole Engineering and Machine Company, to the use of the Commercial Credit Company, Plaintiff v. County of Northumberland, Defendant."