## Michaels v. Binder.

*Contract—Sales—Set-off—Evidence—Memorandum in writing.*

1. In an action for a breach of contract of sale, where defendant set off loss on goods purchased under contract to take the place of those not delivered, plaintiff is not entitled to binding instructions because the contract alleged was not in writing, where there is nothing in the case to show that the goods purchased exceeded $500 in value.

*Practice, C. P.—Affidavit of defence—Set-off—Plaintiff's reply—Notice to file reply—Evidence—Act of May 14, 1915, P. L. 483.*

2. Where defendant has filed an affidavit of defence setting up a counter-claim, but has failed to endorse thereon notice to the plaintiff to file a reply, he cannot at the trial offer his counter-claim as set forth in the affidavit of defence.

3. If, in such case, the plaintiff has not asked to file an answer to the counter-claim or for a continuance, but goes to trial on the merits, he cannot object to the action of the court in permitting the defendant to call witnesses to prove his counter-claim.

4. Where parties have gone to trial on the merits of the case, it is too late then to take advantage of defects in the pleadings.

*Evidence—Letters—Contract.*

5. Letters and conversations that are in confirmation of an alleged contract between the parties are admissible in evidence.

*Evidence — Counter-claim — Damages—Evidence admitted without objection.*

6. Where defendant has submitted evidence of a counter-claim as an element of damages, and no objection has been made to its admission, it is too late for plaintiff to object to its admission after a trial and verdict against him.

Motion for judgment *n. o. v.*   C. P. Cambria Co., Sept. T., 1922, No. 741.

Before Evans, P. J., McCann, J., and Reed, P. J.

*F. J. Hartmann,* for plaintiff; *P. J. Little,* for defendant.

REED, P. J., specially presiding, March 10, 1924.—This was an action in *assumpsit* brought by the plaintiff to recover the sum of $733.98, with interest from July 13, 1922, and the further sum of $2.93, protest fees. It appears from the evidence offered, and which is not disputed, that the defendant had purchased coal from the plaintiff, and that, in payment of this coal, the defendant sent to the plaintiff his check for the sum of $773.98, which check has not been paid. The defendant, in the way of a set-off or counter-claim, alleges that he had ordered from the plaintiff two cars of coal for customers of his, and that the plaintiff had agreed and contracted with the defendant to

sell him these two cars of coal and ship them to the defendant's customers in New York, and after the agreement had been entered into for the purchase by the defendant of these two cars of coal from the plaintiff, the plaintiff refused to comply with his contract and failed to deliver this coal to the parties to whom the defendant had sold it. The defendant further alleged that his customers went out in the open market and purchased the coal and charged up to him the difference between what they were to have paid him for the two cars of coal which he alleges he purchased from Michaels and what they had to pay for the coal in the open market, and that difference, which was the sum of $358.89, was charged to the defendant by his customers, and thereby he suffered a loss by reason of the plaintiff's non-compliance with his contract in regard to the coal in that amount. All these facts were set up in the affidavit of defence.

The case came on for trial, and the plaintiff, after having made out a *prima facie* case, rested, and when counsel for defendant opened his case and called his client, Mr. Binder, the defendant, he asked him, "Did you buy any coal from the plaintiff in this case, Mr. D. W. Michaels?" to which the defendant replied, "Yes, sir; two cars of coal on July 18th." Mr. Hartmann, counsel for the plaintiff, then objected as follows: "We object to this evidence and any other evidence which would corroborate the defendant to prove the allegations denied in the 5th, 6th, 7th, 8th, 9th and 10th paragraphs of the affidavit of defence, for the reason that the plaintiff's statement of claim was served by the Sheriff of Cambria County on counsel for the defendant by counsel for defendant accepting service thereof on Aug. 16, 1922, and the affidavit of defence was not filed until Oct. 20, 1922, more than fifteen days after the service of the plaintiff's statement of claim on defendant's counsel, as required by the notice thereon, and defendant can now not offer any evidence under the affidavit of defence. The only purpose that said affidavit of defence did accomplish was to prevent judgment after the filing thereof on the day of its filing." The court thereupon made the following ruling: "The plaintiff having elected to go to trial without making a motion for judgment for want of an affidavit of defence, or on account of the affidavit of defence not having been filed in the proper time, the motion is overruled, exception noted and bill sealed for the plaintiff." The case then proceeded to trial and the jury brought in a verdict allowing the defendant the full amount of his set-off and finding a verdict in favor of the plaintiff for the balance.

Counsel for plaintiff filed a motion for judgment *n. o. v.* for the whole amount as claimed by the plaintiff in his statement, and assigned several reasons in support thereof.

The first reason in support of plaintiff's motion is that the court erred in refusing to charge the jury as requested in the first point submitted by counsel for plaintiff. This point reads as follows: "If the two cars of coal which the defendant alleges he bought by parol over the telephone on July 18, 1922, exceeded $500, then there can be no allowance of defendant's set-off, because the contract was not in writing." We reserved this point for the reason that there was no evidence in the case which indicated that the value of these two cars of coal exceeded $500 at the time they were ordered, and, therefore, under the evidence in the case, we would not have been justified in affirming this point. We do not know that counsel for plaintiff at the present time is pressing this point. However, after considering all of the evidence, this point is denied.

The second reason urged by the plaintiff is: "The court erred in refusing the request of counsel for plaintiff to give binding instructions to the jury."

Under the evidence in this case, if properly submitted under the pleadings, the case was for the jury.

The third reason urged by the plaintiff is: "The court erred in permitting the defendant to prove his counter-claim when the pleadings disclosed that no notice was given to plaintiff to file a reply." The fourth reason urged by the plaintiff is: "The court erred in permitting the defendant to prove the matters set up in that part of the affidavit of defence setting up a counter-claim, because the pleadings showed that the affidavit of defence was filed later than fifteen days after the service of plaintiff's statement of claim, on which was endorsed the notice to file such affidavit of defence within fifteen days, and because no notice was given to file a plaintiff's reply."

These two reasons we will consider together. They have given the court no little trouble in determining what we believe to be the proper thing to do in this case under the pleadings. They do not go particularly to the merits of the issues between the parties, but as to the form of the pleadings. Had the court's attention been called to the fact before the jury was sworn and the plaintiff put in his case that the proper notice had not been endorsed and served upon the defendant at the time of the filing of the affidavit of defence and the counter-claim, we would have at once declared the case not at issue, and would have refused to hear the parties unless they had agreed to go ahead and have the case tried on its merits, regardless of the pleadings, a matter which they could have elected to do with the consent of the court; but the court's attention was not called to this fact until the plaintiff had rested and the defendant had opened his case and attempted to introduce his evidence. We felt at that time and said that we should either permit the parties to amend their pleadings or go ahead with the case, and neither counsel for plaintiff or defendant made any move to amend the pleadings, so the case was tried with just such pleadings as we had before us. However, when the defendant offered his counter-claim, which is set up in his affidavit of defence, for the reason that it had not been answered, we refused to admit it and called upon him to produce his evidence to sustain his counter-claim, which he did, and counsel for plaintiff claims that this was error, contending that the defendant was not entitled to introduce any evidence under the pleadings by reason of his failure to endorse the proper notice upon his affidavit of defence and serve it upon the plaintiff or his counsel.

In order to more fully understand this case, it might be well for us to cite what is generally considered by the authorities as pleadings in a case. In 3 Bouvier's Law Dictionary, 2601-2, the definition of pleadings is: "The written allegation of what is affirmed on the one side, or denied on the other, disclosing to the court or jury having to try the cause the real matter in dispute between the parties. . . . The stating in a logical and legal form the facts which constitute the plaintiff's cause of action or the defendant's ground of defence: it is the formal mode of alleging that on the record which constitutes the support or the defence of the party in evidence. . . . The object of pleading is to secure a clear and distinct statement of the claims of each party, so that the controverted points may be exactly known, examined and decided, and the appropriate remedy or punishment administered. . . . The object is to develop the real issue: Thomas v. Mann, 28 Pa. 522."

The very object and design of all pleadings is that the adverse party may be informed of the real cause of action or defence relied upon by the pleader and may thus have an opportunity of meeting and defeating it, if possible, at the trial. Unless the pleadings fairly accomplish this purpose, pleading would be a useless ceremony, productive only of delay, and the parties might

better be permitted to state their admissions orally before the court at the time of the trial, as is done in courts of justices of the peace: Soden *v.* Murphy, 94 Pac. Repr. 353, and many other authorities. The principal purpose of written pleadings is to permit a person's issues to be tried.

The Act of May 14, 1915, § 6, P. L. 483, provides: "Every allegation of fact in the plaintiff's statement of claim, or in the defendant's set-off or counter-claim, if not denied specifically or by necessary implication in the affidavit of defence or plaintiff's reply, as the case may be, or if no affidavit of defence or plaintiff's reply be filed, shall be taken to be admitted, except as against an infant, a person of unsound mind, or one sued in a representative capacity, as provided in section 7, and except as provided in section 13."

Section 17 of the same act provides: "In actions of *assumpsit* the prothonotary may enter judgment for want of an affidavit of defence or for any amount admitted or not denied to be due. The plaintiff may take a rule for judgment for want of a sufficient affidavit of defence to the whole or any part of his claim, and the court shall enter judgment or discharge the rule, as justice may require. When the defendant sets up a set-off or counter-claim, he may move for judgment against the plaintiff for want of a reply, or for want of a sufficient reply to the whole or any part of the set-off or counter-claim; and the court may enter judgment in favor of the plaintiff or the defendant for such amount as shall be found due, with leave to proceed for the balance."

Section 21 of the same act provides: "The court, upon motion, may strike from the record a pleading which does not conform to the provisions of this act, and may allow an amendment or a new pleading to be filed upon such terms as it may direct."

It will be noticed that this act provides ample and sufficient remedies for either the plaintiff or the defendant to have the case brought properly on the record before it is at issue and before electing to go to trial, and this is done under the direction of the court, "as justice may require." The essential thing in any case that comes before the court is that justice be done to the parties litigant, and the tendency of the courts in recent years has been to brush aside all technicalities in regard to pleadings and get at the meat of the case and give the parties a fair, impartial trial.

In this case the plaintiff, when the defendant filed his affidavit of defence, knew precisely what the defendant was relying upon to defeat the plaintiff's claim, or at least a part of the plaintiff's claim, and that is set out fully and explicitly in the affidavit of defence, and had this affidavit of defence, which contained the counter-claim, been endorsed as follows: "To the within plaintiff, D. W. Michaels: You are hereby required to file a reply to the within set-off or counter-claim within fifteen days from the service hereof," it would have then been incumbent upon the plaintiff to file a reply in the nature of an affidavit to this counter-claim, but the defendant having failed to give this notice, the plaintiff was not required to file a reply to the counter-claim in order to prevent the defendant from taking a judgment against the plaintiff for his counter-claim or in order to prevent him from offering his pleadings or counter-claim at the time of the trial. So that, when the defendant attempted to offer his counter-claim, as set forth in his affidavit of defence, he was precluded from doing so for the reason that he had failed to serve a notice upon the plaintiff as required by the act of assembly, and, therefore, the burden was placed upon him to call witnesses to prove his counter-claim, regardless of the fact that it had not been answered by the plaintiff.

The plaintiff can hardly contend that he did not know of this counter-claim just because the notice as required by the act of assembly was not served upon him. However, if he did not know it, he had his remedy by asking to file an answer to the counter-claim or asking the court to continue the case because it was not at issue, but when he elected to go to trial on the pleadings as they stood, he waived his rights as to notice of the filing of the affidavit of defence and permitted the case to be tried on its merits.

Counsel for plaintiff has cited the case of Freedman et al. v. Cooper, 34 Lanc. Law Rev. 116, wherein Judge Hassler stated: "The affidavit of defence was not served on the plaintiff, and the defendant cannot, therefore, have any advantage of any set-off contained in it. The allegation as to set-off is, therefore, not sufficient to prevent judgment for that amount. This was a case in which the plaintiff asked for judgment for want of a sufficient affidavit of defence, and had that been done in this case, then the court, under section 17, could have granted judgment to the plaintiff for want of a sufficient affidavit of defence for the whole or any part of his claim or discharge the rule *as justice may require*." In the present case the parties did not move for judgment, but went to trial, and, therefore, it differs from the case just cited.

Judge Hassler, in the case of Futer v. Snyder, 27 Dist. R. 217, another case in which a rule for judgment for want of an affidavit of defence was asked, in his opinion, after referring to the above cited case, states: "Under the present practice the affidavit of defence, with the plaintiff's statement, does not make an issue to be tried. When it denied the allegation of the statement, an issue arises, and where, however, as here, the defence is a counter-claim or set-off, no issue is joined between the parties by setting it up in the affidavit of defence. Something more is necessary, viz., the plaintiff's reply to the counter-claim or set-off in the affidavit of defence. The plaintiff need not reply to it, according to the act of assembly, unless he is served with a copy of it endorsed with the notice that he is required to file a reply within fifteen days. Until this is done, the set-off or counter-claim is not in the case. If this case came to trial on the statement and affidavit of defence as filed, the defendant could not offer any evidence as to the counter-claim. He would, therefore, have no defence that could be heard against the plaintiff's claim."

We are loath to disagree with any of our brother judges, and we always follow them so far as good conscience and the equities of the case will permit, and especially if, by following their opinions, justice can be done between the parties to the issue, but in the present case this court, after considering Judge Hassler's opinion from every angle, feels that it would be unjust and unwise to permit the parties to go to trial on the pleadings in the case when it is not at issue and then deny the defendant the opportunity of offering any proof as to his counter-claim, for the reason that the affidavit of defence had not been served upon the plaintiff with the notice thereon as provided by the act of assembly. If the parties in the case of Futer v. Snyder, 27 Dist. R. 217, had actually gone to trial without the case being at issue, perhaps Judge Hassler would not have denied the defendant his right to prove his counter-claim. Be that as it may, we feel in the case at bar there has been no injustice done and that none of the provisions of the act of assembly have been violated, especially in view of the fact that the plaintiff had ample remedy by asking for judgment for want of a sufficient affidavit of defence under section 17 of the Act of 1915 or under section 21 of the said act, which provides that the court may strike from the record a pleading which does not conform to the provisions of this act.

### Michaels v. Binder.

A number of authorities have been cited by counsel for defendant in regard to the rights of the parties to the record where the case has gone to trial on its merits, and in the early case of Welch v. Vanbebber, 4 Yeates, 420, the court says: "The defendant below should have shown the variance by a plea in abatement. He shall not be permitted to have a hearing on the merits and then urge a formality by way of defence which he ought to have availed himself of in an early stage of the case."

In the case of Morgan v. Electric Co., 213 Pa. 151, the court says: "If there is doubt as to the sufficiency of the averment, it is too late to raise it after a trial on the merits in which the question was treated by both parties as part of the issue."

In the case of Little v. Fairchild, 195 Pa. 614, it is said: "Going to trial on an amended statement without objection to its form was a waiver of all objections on that ground."

"As we read the statement, it gives full notice to the defendant of the case he was required to meet, and it is not pretended that he was in any way surprised by the evidence. In any event, it is too late to take advantage of the variance after a verdict against him:" Kroegher v. McConway & Torley Co., 149 Pa. 444; Kirchner v. Smith, 207 Pa. 431.

As we read the cases, without citing the great number of authorities which were submitted by counsel for defendant that apply to actions brought according to the provisions of the several acts of assembly, they all tend to show that where the parties have gone to trial on the merits of the case, it is too late then to take advantage of the pleadings, and so it is in this case. We would consider it manifestly unfair to permit the plaintiff to go to trial and take his chances with a jury on the merits of the case, then, after a verdict had been found against him, to get a new trial for the reason that the case was not at issue or that the pleadings were not in proper form.

The fifth reason urged by the plaintiff in support of his motion goes to the admission of certain letters in evidence, all of which refer to the alleged contract between the plaintiff and the defendant in regard to these two cars of coal. These letters were in the way of confirmation of an alleged contract, and were, therefore, clearly admissible: Grace Contracting Co. v. N. & W. Ry. Co., 259 Pa. 241; Tranter Manuf. Co. v. Blaney, 61 Pa. Superior Ct. 379; Shaw v. Fleming, 174 Pa. 52; Hannis v. Hazlett, 54 Pa. 133.

"Conversations between the parties in relation to matters in dispute are always competent evidence in a subsequent suit growing out of the dispute, and written communications between them in the form of letters are admissible on the same principle when the letters of one are replied to by the other, or, though not replied to, are shown to have been received and to have contained matter which called for a reply:" Henry on Evidence, par. 303.

The sixth reason urged by the plaintiff in support of his motion is that the court erred in its charge to the jury, in not calling to their attention the fact that there was no evidence of the purchase of two cars of coal by the firm in New York.

In answer to this reason, we will state that the court said to the jury: "The only evidence we have in regard to that information is what the defendant himself says that the firm in New York charged him by reason of them having to go out in the open market to buy the coal. There is no evidence here to show whether or not they actually did buy the coal, and there is no evidence here to show exactly what they paid for it, outside of the statement which the defendant rendered."

Michaels v. Binder.

At the time of the trial counsel for plaintiff urged that there was no legal evidence to sustain the defendant's counter-claim, and that the measure of loss, if any, was not properly proven. However, we find on page fifteen of the testimony the following: "Q. Will you please use this to refresh your memory and tell us how much you were charged as damages for not filling the order for the two cars that you sold? A. $358.87, or a difference of $3.40 a ton. That was brought about, I think, by the strike, the change of price. Coal went to $8 a ton." This evidence was offered and received without any objection, and while it might have been incompetent and inadmissible had it been objected to, yet, when it was once received without objection, with no motion to strike it from the record, it was for the jury to consider with all the other evidence in the case. We are not unmindful of the fact that the burden was on the defendant to prove his loss in the manner as laid down by the courts in such cases, but having offered evidence of the actual loss to him and the amount that he was charged by the company to whom he was to have delivered this coal, and no objection having been made to this evidence, it is now too late to raise that question.

The verdict as returned by the jury reads as follows: "Now, to wit, Dec. 3, 1923, we, the jurors impaneled in the above entitled case, find Binder to pay Michaels the sum of $418.04, plus interest at 6 per cent. from July 13, 1922, on check for $779.19." This is somewhat confusing, but there is no doubt in our mind that it can be molded into proper shape, which, as we read it, would be for the plaintiff for $418.04, with interest thereon from July 13, 1922.

After fully considering all of the reasons urged in support of its motion for a new trial and for judgment n. o. v., we overrule all said reasons and deny the motion for a new trial and for judgment n. o. v., and direct that the prothonotary enter judgment on the verdict for the plaintiff in the sum of $418.04, with interest thereon from July 13, 1922.

From H. W. Storey, Jr., Johnstown, Pa.