## Nawocki *v.* Skaziak et ux., Appellants.

*Practice C P.—Summons in assumpsit—Writ returnable—Rule to strike off.*

A plaintiff caused a summons in assumpsit to issue and made the writ returnable the second Monday in June, thus skipping the first Monday which was the first return day of the next term of court. The court, under authority conferred by the Act of March 18, 1875, had adopted a rule which provided that the terms of court shall commence on the first Monday of each month.

Rule V of the Court provided as follows: "Writs of execution upon real estate shall be returnable as provided by acts of assembly, and the practice of the courts of common pleas of Philadelphia County. All other writs shall be returnable on the first, second, third and fourth Monday of any month, unless otherwise provided by Acts of Assembly."

The Act of June 11, 1879, P. L. 125, authorized the courts of common pleas "to direct by rule or standing order, that all writs used for the commencement of actions may, at the election of the parties suing out the same, be made returnable on the first day of the next term, or on the second, third or fourth Monday of any intermediate month."

The writ in question having been issued on the 29th of May, the first Monday of the next term was the first day of June; between these dates there was no intermediate month nor was there any intermediate return day. The plaintiff had no election in the matter, and his writ should have been made returnable the first Monday of June. Instead of so making it returnable he attempted to pass over the first Monday of the next term and made his writ returnable the second Monday in June.

No rule of court can repeal a statute. The plaintiff was not at liberty to pass over the first Monday of the next term. The statutes were manifestly disregarded and the writ was issued without authority of law and in violation of the direct command of the Act of Assembly.

Argued December 14, 1925. Appeal No. 388, October T., 1925, by defendants, from judgment of the Municipal Court of Philadelphia County, May T., 1925, No. 1484, in the case of Wojciech Nawocki v. Walenty Skaziak and Nellie Skaziak, his wife. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit for goods sold and delivered. Before RENSHAW, J.

The facts are stated in the opinion of the Superior Court.

Rule to strike off judgment. The Court discharged the rule. Defendants appealed.

*Error assigned* was the decree of the Court.

*B. D. Oliensis,* for appellants.

¡The summons having been issued on May 29th the writ could not be made returnable to the second Monday of June: Hotchkiss v. Insurance Co., 18 D. R. 289; Hatfield v. Swiler, 28 Pa. 522; Fisher v. Potter, 2 Miles 147; Thompson v. Patterson, 2 Miles 146; Ingrava v. Suman, 77 Pa. Superior Ct., 344.

*Joseph C. Ryszeleski,* for appellee.

OPINION BY PORTER, J., July 8, 1926:

The plaintiff caused summons in assumpsit to issue out of the court below on May 29, 1925, and made said writ returnable the second Monday of June, thus skipping the first Monday of June, which was the first return day of the next term of said court. No appearance was entered for the defendants and, on June 19, 1925, judgment was entered against them for want of an affidavit of defense. On August 19, 1925, the defendants, without having entered a general appearance, presented their petition to the court below stat-

ing that the summons was issued and bore date May 29, 1925, and was made returnable the second Monday of June, 1925, and averring that the writ was made returnable contrary to law and was irregular and void, and praying the court to quash the said writ and all of the proceedings thereunder. The court granted a rule on the plaintiff to show cause why the summons should not be quashed and all proceedings thereunder set aside, which rule, after a hearing, it discharged. The defendants excepted to the ruling and upon this appeal assign it for error.

The court below, under the authority conferred by the first section of the Act of March 18, 1875, P. L. 28, adopted a rule fixing the number of the regular terms of said court and establishing a time for holding same, which rule was as follows: "The terms of this court (civil division) shall commence on the first Monday of each month." Rule V of said court provides: "Writs of execution upon real estate shall be returnable as provided by acts of assembly and the practice of the courts of common pleas of Philadelphia County. All other writs shall be returnable on the first, second, third or fourth Mondays of any month, unless otherwise provided by acts of assembly." The Act of June 13, 1836, sec. 32, P. L. 578, provides that: "In the courts for the city and county of Philadelphia all writs used for the commencement of actions may be returnable on the first day of the next term as aforesaid, or on the first Monday of any other intermediate month, at the election of the parties suing out the writ." It was held in Hatfield v. Swiler, 28 Pa. 522, that this section regulated the practice in the city and county of Philadelphia and the county of Allegheny. The Act of June 11, 1879, P. L. 125, authorized the courts of common pleas, "to direct by rule or standing order that all writs used for the commencement of actions may, at the election of the parties suing out the same, be made re-

turnable on the first day of next term, or on the second, third or fourth Monday of any intermediate month.'' There can be no doubt that under the legislation, writs, in the counties of Philadelphia and Allegheny, must be made returnable to the first Monday of the next term or to some intermediate return day. The term "intermediate" in the legislation manifestly refers to a return day occurring between the date of the issue of the writ and the first Monday of the next term.

The writ in this case issued on the 29th of May, 1925, the first Monday of the next term was the first day of June; between these dates there was no intermediate month nor was there an intermediate return day. The plaintiff had no election in the matter, his writ ought to have been made returnable the first Monday of June, instead of so making it returnable he attempted to pass over the first Monday of the next term and made his writ returnable the second Monday of June. No rule of court can repeal a statute. The plaintiff was not at liberty to pass over the first Monday of the next term. The statutes were manifestly disregarded. The writ was issued without authority of law and in violation of the direct command of the statute. The defendants were not lawfully summoned and the validity of the process has not been cured by anything which appears in the record. The court erred in discharging the rule to show cause why the summons should not be quashed and all proceedings thereunder set aside; Ingrava v. Suman, 77 Pa. Superior Ct. 344. The rule ought to have been made absolute.

The order of the court below discharging the rule to quash the writ of summons and set aside the proceedings thereunder is reversed; the rule is reinstated and is here made absolute.