## Griffin v. Dath

Edward H. Bryant, Jr., with him Lutz, Ervin, Reeser & Fronefield, for plaintiff.

C. William Kraft, Jr., for defendant.

BROOMALL, J., August 7, 1931.—On February 26, 1931, a writ of summons in trespass was issued in this case, the said writ being returnable the first Monday of March, 1931, which was March 2, 1931. On March 9, 1931, the defendant, causing an appearance de bene esse to be entered for him, obtained a rule to show cause why the service of the writ should not be set aside and the writ quashed, as having been issued in violation of sections thirty and thirty-one of the Act of June 13, 1836, P. L. 568. An answer was filed, which raised only questions of law, and the rule is now before us for disposition.

The portions of the Act of 1836 which are to be considered in the determination of this rule are as follows:

"Section 30. Every writ used for the commencement of an action shall bear date on the day of the issuing thereof and shall be made returnable on the first day of the term next succeeding the time at which it shall be issued.

"Section 31. Provided, that in the case of a writ of summons, if there shall not be ten days between the issuing thereof and the first day of the term as aforesaid, the writ may be made returnable on the next day preceding the last

day of such term, or upon the first day of the second term next after the issuing of the writ.

"Section 32. In the courts for the City and County of Philadelphia and County of Allegheny, all writs used for the commencement of actions may be made returnable on the first day of the next term as aforesaid, or on the first Monday of any intermediate month, at the election of the party suing out the writ."

If sections thirty and thirty-one of the Act of June 13, 1836, were in force in this county at the time that the writ under consideration issued, the pending rule would have to be made absolute, as admittedly less than ten days intervened between the issuance of the writ and the return day thereof.

The plaintiff, however, contends that the sections of the Act of 1836 in question did not apply at the time of the inception of the pending action and that the procedure of the plaintiff was in strict accordance with Rule 195 of this court, which provides as follows:

"All writs issued for the commencement of actions, all writs of scire facias to revive judgment and continue the lien thereof, and all other writs of scire facias, writs and process of every kind may, at the election of the party suing out the same, be made returnable on the first Monday of the next term, or on the first, second, third or fourth Monday of any month."

The defendant in answer to this contended, first, that this rule of court should be read in connection with section thirty-one of the Act of 1836 so that it should still call for an interval of ten days between the issuance of the writ and the return day, or, second, if it cannot be considered in this manner, that the rule must be held to be invalid as in conflict with the provisions of the Act of 1836, cited above.

In our opinion, this contention of defendant cannot be sustained. As regards the first suggestion, it will be noted that the provisions of Rule 195 are very closely similar to the provisions of section thirty-two of the Act of June 13, 1836, and under the provisions of that section of the act the practice in Philadelphia and Allegheny Counties was that the writ might be made returnable to one of the return days mentioned in that section, although less than ten days intervened between the issuance of the writ and the return day; holding, in effect, therefore, that the proviso of section thirty-one of the Act of 1836 did not apply in those counties, and this practice in the Counties of Philadelphia and Allegheny received the approval of the appellate courts of this state: Hatfield v. Swiler, 28 Pa. 522; Nawocki v. Skaziak, 88 Pa. Superior Ct. 100; so that if we follow the rule of the appellate courts, as we are of course bound to do, it would follow that if Rule 195 is a valid rule it should not be considered in connection with section thirty-one of the Act of 1836 so as to require a period of ten days to intervene between the issuance of the writ and its return day.

As to the second suggestion of defendant that unless our Rule 195 is considered in connection with section thirty-one of the Act of 1836 it must be held to be invalid, we are again forced to disagree. There is no doubt that had this court adopted the rule in question in the absence of any legislation enacted since the passage of the Act of 1836 under consideration, our rule would have had to be held invalid and inoperative, for we could not of course disregard or overlook the mandate of the legislature, but our rule is a literal transcript of the Act of May 24, 1878, P. L. 135, as amended by the Act of June 11, 1879, P. L. 125, and the Act of May 4, 1927, P. L. 719; all subsequent, of course, to the Act of 1836, and expressly authorizing the adoption of our rule.

The effect of the passage of these acts was, as we construe it, to give to the courts of all of the counties of this state the right to have their procedure controlled either by sections thirty and thirty-one of the Act of 1836 or by a dif-

ferent procedure which should conform substantially to that followed in the Counties of Philadelphia and Allegheny. So long as the courts of this county did not adopt a rule under the provisions of the Act of 1878, as amended, sections thirty and thirty-one of the Act of 1836 would still be in force and applicable here, but since this court adopted Rule 195, and while that rule remains in force, the provisions of sections thirty and thirty-one of the Act of 1836 have no application to procedure in this county. This was the view taken in the only cases which have been called to our attention where the exact question before us was considered, and we agree with the conclusions and reasoning of Judges Meyer and Bouton as reported in the cases of Wilcox Mfg. Co. v. Cygnet Cycle Co., 7 Dist. R. 96, and Johnson v. Edgett, 16 Dist. R. 400.

This conclusion is not in conflict with any of the cases cited in the very able brief submitted by the learned counsel for defendant, so far as appears in the reports of the various cases, for in none of these cases was the effect of a rule of court similar to ours, adopted in accordance with the provisions of the Act of 1878, as amended, considered, and it is that rule of court that we regard as controlling here.

And now, to wit, August 7, 1931, the rule to show cause is discharged, at the cost of defendant.

From William R. Toal, Media, Pa.