deFURIA, J.,
— After an award in favor of defendant in an action of assumpsit, plaintiff filed a petition to set aside the award of arbitrators. Plaintiff also filed an appeal, but we are now concerned solely with the unusual petition to set aside arbitrators’ award.
Plaintiff’s complaint alleged an oral contract to prepare and deliver certain business forms to defendant at prices shown on attached invoices and order form. Plaintiff claimed a balance of $809.50 was due, which included storage charges. Defendant’s answer admitted the agreement, but denied any promise to pay storage charges, and further claimed it received only part of the material ordered, for which part it had paid plaintiff.
In plaintiff’s amended petition to set aside award of arbitrators, it avers:
1. That at the hearing, the arbitrators refused to permit plaintiff to call the treasurer of defendant, who was present, as a witness for plaintiff as under crossexamination, and that such ruling was erroneous.
*327 2. That the board thereafter entered an involuntary nonsuit, and that the board was without authority so to do.
3. That plaintiff also filed an appeal in order to protect its interest, but requests the return of the appeal fees if the matter is resubmitted to the arbitrators by the court.
4. That no proper award in arbitration had been made, and therefore, the award should be set aside and a new hearing scheduled.
The petition is novel, as are the issues it raises. If the petition is properly before the court, then the facts therein stated must be taken as admitted, since defendant did not file an answer to the petition. (See our rule 184 and Pa. R.C.P. 209). The fact of the witness-ruling by the board appears only from nondenial, or admission, since the proceeding before the board was not transcribed. The fact of entry of involuntary nonsuit appears of record in the award filed by the arbitrators, as well as by nondenial.
Although the board was clearly in error in refusing to permit plaintiff to call an officer of defendant corporation as on crossexamination, see Acts of May 23, 1887, P. L. 158, sec. 7, and March 30, 1911, P. L. 35, sec. 1, 28 PS §381, and Manor National Bank v. Lowery, 242 Pa. 559 (1914), plaintiff cannot raise this issue by a petition to set aside, but is relegated to the appeal remedy. The proceedings were under the Act of June 16, 1836, P. L. 715 sec. 26, as amended, providing for compulsory submission, by rule of court, of all cases where the amount in controversy is $2,000 or less: 5 PS §30, Rule 524, C. C. P. Delaware County. The Court of Common Pleas by statute was given power to provide for compulsory submission to a board of arbitrators of cases within the monetary *328 limit. The statutes further provided that the arbitrators shall decide both the law and the fact that may be involved in the cause submitted to them: 5 PS §121V. There is no provision for setting aside an award, under the act, except for misbehavior or corruption of the arbitrators (5 PS §57) nor was the court given power to resubmit the case to the arbitrators for mistakes of fact or law, as there is under the voluntary submission procedure. See 5 PS §7. After an award, the statute provides for an appeal (5 PS §71), and such appeal to the court shall be de novo.
Where, instead of appealing from the award, defendant filed a petition to show cause why the judgment should not be stricken on the basis that it had been filed for an excessive amount, the rule was discharged, since defendant’s remedy was by appeal from the arbitrator’s award: Rupert v. Antoun, 81 Dauph. 43 (1963). “The only procedure provided by the Arbitrators’ Act, as amended (5 PS §30), for the correction of errors in awards of arbitrators is by appeal, Schmols’ Admtrx. v. Lincoln Council, 89 D. & C. 357 (1954); Holland v. Werhun, 22 D. & C. 2d 162 (1960); Yeich v. Sanders, 55 Schuy. L.R. 113 (1959).” Therefore, under the compulsory arbitration act, the only remedy provided for errors of fact or of law committed by the arbitrators, is by appeal.
The second issue relates to the nonsuit procedure. Does a board of arbitrators have legal power to enter an involuntary nonsuit? No such power can be found in the statutes. If the board merely had found for defendant, who was not obliged to present testimony or evidence, but relied solely on the weakness of plaintiff’s case, then any alleged error of fact or law of the board could have been remedied only by appeal. But the board’s action, of record, shows an award for defendant based upon the entry by the board of an *329 involuntary nonsuit. It may be argued that the involuntary nonsuit notation appears only under the reason for the award, and as such, is not technically part of the award. But this argument avoids the issue. Further, defendant admits that an involuntary nonsuit was entered by the board.
The power of the arbitrators to enter a nonsuit is directly in issue. First, plaintiff is denied the right of calling a witness under cross in his case in chief. We can only speculate whether or not his case would have been bolstered if so permitted. Nonetheless, he is denied the opportunity, and then, with his truncated, and possibly weakened, case, he is nonsuited. Defendant answers, first, the board has such power, and, second, if there was error, defendant is relegated to his appeal. But an assumption by a board of arbitrators of greater jurisdiction or of greater power than it has by law is an error of substance in the very fabric of the arbitration system, and is not an error of law or fact committed by the arbitrators in the course of their proceedings. Absent power, the award is a nullity. It would appear in such a situation that the inherent power of the court would apply, and would grant relief without placing the onus of an appeal upon a party aggrieved.
However, defendant points to our rule 524 (4F) which specifically confers upon the board of arbitrators the right to grant a nonsuit. The Court of Common Pleas, by Act of March 11, 1875, P. L. 6, sec. 1, 12 PS §641, was given the right to enter a nonsuit. Does the Court of Common Pleas have a right to delegate such power to a board of arbitrators?
The Act of 1836, as amended, nowhere confers upon the arbitrators the power of nonsuit. Section 20 of the act, 5 PS §51, provides:
“As soon as the arbitrators shall have heard the *330 evidence and allegations of the parties, they shall proceed to determine the matters in controversy, submitted to them, and they shall make out their award ...”
Plaintiff contends that the arbitrators must hear both parties. We do not agree. The act merely states that the arbitrators shall hear the evidence and allegations of the parties, i.e., such evidence as the parties desire to submit. Surely defendant may rely upon the weakness of plaintiff’s evidence, and choose not to present any evidence of his own.
The Dauphin County court, in Talhelm v. Buggy, 9 D. & C. 2d 482 (1955), held that the entry of a nonsuit is a power which arbitrators definitely do not possess. In the Talhelm case, the arbitrators granted defendant’s motion for a compulsory nonsuit. The court referred the case back to the arbitrators to correct the erroneous entry of nonsuit. The arbitrators then again found for defendant without calling defendant as a witness or without hearing further testimony. On a petition to strike off the award, the court denied the petition, but again remanded the case to the arbitrators for the purpose of giving defendant an opportunity to be heard, or an opportunity to plaintiff to call defendant as an adverse witness.
In the Talhelm case, relied upon by petitioner here, there was no rule of court granting the arbitrators the power of nonsuit. But in Delaware County, by rule 524, (4f), the court of common pleas did confer such power upon the arbitrators. Could it legally do so? The Act of June 16, 1836, P. L. 784, sec. 21, 17 PS §2076, relating to rules of procedure, specifically provides:
“Each of the said courts shall have full power and authority to establish such rules for regulating the practice thereof respectively, and for expediting the *331 determination of suits, causes and proceedings therein, as in their discretion they shall judge necessary and proper: Provided, That such rules shall not be inconsistent with the Constitution and laws of this Commonwealth.”
The Pennsylvania Constitution of 1874, art. V, sec. 4, provided for the continuation of courts of common pleas as then established, and the Act of April 4, 1834, P. L. 333, sec. 18, 17 PS §221, created such courts, by name and style, and made them courts of record. Their jurisdiction and power was “to hear and determine all pleas, actions and suits . . . according to the Constitution and laws of this Commonwealth”: June 16, 1836, P. L. 784, sec. 12, 17 PS §251. There is no doubt of the power of the court to hear, expedite and determine all causes within its own jurisdiction, but can it expedite causes in arbitration, or confer powers upon arbitrators? It would appear not, unless there is statutory authority.
The only legislative authority given to the courts is to provide, by rules of court, that cases at issue where the amount in controversy is under a set limit shall first be submitted and heard by a board of arbitrators: Act of June 16, 1836, P. L. 715, as amended, 5 PS §30. Thus, the statute provides for submission to arbitrators by rules of court, which indicates that the court may determine the procedure of submission, which would include the manner of appointment of arbitrators, the time and place of hearing, the form of report, and the like. But the court cannot affect substantive rights, nor contravene the statute itself or any other law of the State.
Rules of court concerning arbitration by boards or panels are valid only insofar as they comply with or supplement the pertinent provisions of the Act of 1836, as modified by the various provisions contained *332 in the basic amendment of January 14, 1952, P. L. (1951) 2087, Klugman et vir v. Gimbel Bros., Inc. 198 Pa. Superior Ct. 268 (1962). In the Klugman case, it was held that the County Court of Philadelphia was without power to establish by rules its own arbitration procedures which differed from the provisions of the Act of 1836, as amended. The Act of 1836 already provided for an elaborate and uniform system of reference and arbitration, and the Supreme Court held in the Smith Case, 381 Pa. 223 (1955), that only those rules of court were constitutional which adopted “as an entirety” the system of arbitration contained in the Act of 1836, as amended by the Act of 1952.
The arbitration act does not provide for a nonsuit, the Delaware County rule does. In effect, then, the rule of court contravenes the statute. See Nawocki v. Skaziak, 88 Pa. Superior Ct. 100 (1926). No rule of court can repeal a statute. The statement there provided for certain return days, and the rule provided for other days. In Haverford Twp. School Dist. v. Herzog, 314 Pa. 161 (1934), the statute permitted judgment for want of a reply to be entered by the court; the rule permitted the prothonotary to enter such judgment. The Supreme Court held that rules of court must not be in opposition to an act of assembly.
It is specious to argue that the Delaware County rule does not contravene the statute, because the latter is silent. The statute does not give a nonsuit power, the rule does. Under the statute, the board could not nonsuit; under the rule it can. The rule and the statute are in conflict.
A further defect in the rule appears. When the courts of common pleas were first given the power of nonsuit, Act of March 11, 1875, P. L. 6, sec. 1, 12 PS §645, the right was reserved in plaintiff to move to *333 set aside the judgment of nonsuit. The Delaware County rule does not confer any corresponding right to move to set aside.
ORDER
For the above reasons, we hold that the board of arbitrators was without power to enter a compulsory nonsuit, and that rule 524 (4-f) is in contravention of law, and is void and of no effect. The award of the arbitrators is set aside. We further direct that the case shall be and is remanded to the board of arbitrators to proceed in accordance with this opinion. The Treasurer of Delaware County is directed to refund to petitioner herein the appeal fees paid over to said treasurer.